## STADLER, BROS. & CO. v. PARMLEE & WATTS.

1. JUDGMENT IN GARNISHMENT. The legal effect of a judgment against a garnishee upon his answer, condemning the property or debt in his hands, is to satisfy, to the extent thereof, the indebtedness between the garnishee and the principal debtor; and it is not necessary that such satisfaction shall be ordered in the judgment entry.

2. GARNISHMENT: AMENDMENT. Where a motion to quash an attachment because of a defect in the petition was sustained, and the plaintiff cured the defect by amendment, it was held that a garnishee was not discharged by the order quashing the writ, and that the court did not err in entering judgment against him thereafter.

3. SAME: JUDGMENT PAYABLE IN PROPERTY. Where the garnishee in his answer stated that he purchased of the defendants "a lot of wheat at the price of five hundred dollars, for which he was to pay in merchandise or trade, at his store in Warren county, as the same might be demanded," and that "he gave his due bill accordingly, which was assignable," it was held, that the court below erred in rendering an unconditional judgment; that the judgment should have been for the amount named, dischargeable in goods or merchandise at a fair value, to be placed at the disposal of the sheriff, in default of which the judgment should, on motion, be made absolute and be enforced by general execution.

*Appeal from Warren District Court.*

THURSDAY, DECEMBER 4.

THE facts necessary to an understanding of the questions determined are stated in the opinion of the court.

*C. C. Cole* for the appellant.

*First.* That a judgment against a garnishee cannot be legally rendered, so as to place the garnishee in a worse condition than he stood to his creditor either as to amount, manner of payment or time of payment. *Bebb* v. *Preston,* 1 Iowa, 460; *Williams et al.* v. *Housel,* 2 Id., 154; *Wilson* v. *Allbright,* 2 G. Greene, 125; *Walters* v. *Washington Insurance Company,* 1 Iowa, 404; *Smith, Twogood & Co.* v.

Stadler, Bros. & Co. v. Parmlee & Watts.

*Clarke & Henely*, 9 Id., 241; Drake on Attachment (2d ed.), § 461, 2, and 583.

*Second.* No judgment can be rendered against a garnishee whose indebtedness is upon negotiable paper (as in this case) without showing that the negotiable paper is still the property of and in possession of the defendant debtor. Drake on Attachment (2d ed.), § 585; *Wilson* v. *Allbright*, 5 G. Greene, 125.

*Third.* The judgment against a garnishee should make the payment of the garnishee judgment, a satisfaction of the debt due by the garnishee to the defendant debtor, and a failure to so order is error. Drake on Attachment (2d ed.), 621.

*Casady & Polk* for the appellee, contended: 1. That a note payable in property, as this is, is not negotiable. *Mc-Cartney* v. *The Administrator of Smalley*, 11 Iowa, 85; *Rindskoff Bros. & Co.* v. *Barrett*, Id., 172; 2. A note payable in property at a time certain, becomes a cash note if not paid at maturity. *Wiley* v. *Shoemaker*, 2 G. Greene, 205 and the cases cited; *Graves* v. *Manning*, Id., 251; *Barker* v. *Brink*, 4 Id., 59.

LOWE, J. — In a proceeding by attachment plaintiffs obtained a judgment against defendants for $2,714.33. Also against Renslow, the garnishee, for $500, who appeals alleging, *First*, that the court could not regularly render such a judgment against him for money upon the answer which he had made. *Second.* That it could not render a judgment against him at all after the attachment had been quashed. And, *lastly*, in not making the judgment against the garnishee a satisfaction of the indebtedness of the garnishee to the defendants.

We briefly notice these assigned errors in the reverse order in which they are made.

I. The legal effect of a judgment against a garnishee upon his answer condemning the property or debt in his hands is to satisfy, to the extent thereof, the indebtedness between the garnishee and the principal debtor; and therefore the judgment entry in the garnishment suit need not in terms express such satisfaction.

II. The record shows that a motion to quash the attachment for an informality of the affidavit upon which it had been sued out, was overruled by the District Court, but in this court had been sustained and held to be well taken. On being remanded to the district court, the defect complained of was duly amended and judgment afterwards regularly rendered against the defendant in the attachment. If it was competent for the plaintiff to amend his affidavit so as to obviate the objection (which it undoubtedly was under the statute) and the same was not inconsistent with the order of the Supreme Court in remanding the cause, (which it was not) then it could not be said with any legal propriety that a judgment was rendered against the garnishee after the attachment had been quashed; and the second error assigned is groundless.

III. The first error assigned, however, raises the important question in this case and involves the power of the court to render a judgment for money against the garnishee upon such an answer as he had filed. The material part of that answer was in these words: " That he (the said Renslow) is indebted to the said Parmlee & Watts upon a promissory note executed by him to them on the 21st day of May, 1858, which note was originally for about $905, and there is a balance of one hundred and fifty dollars unpaid on said note, which will be due on the 21st day of May, 1861 ; the said note was a negotiable note and he supposes it is still in the possession of Parmlee & Watts. * * * He states further that about the middle of January, 1859, he purchased of Parmlee & Watts a lot of

wheat at the price of five hundred dollars, for which he was to pay in merchandise or trade at his store in Warren county, as the same might be demanded by the said Parmlee & Watts, and he gave his due bill accordingly, which was assignable, but as he believes is still in the possession of said Parmlee & Watts, and the same is unpaid; that he is not indebted to said Parmlee & Watts and does not owe them money or property otherwise than hereinbefore stated."

Upon the foregoing answer the court rendered against the garnishee an unconditional judgment in money for $500. This was error. The judgment should have been conditional, that is, for the amount named, but to be discharged in goods or merchandise at a fair value to be placed at the disposal of the sheriff, on failure whereof the judgment, on motion, to become absolute, for which a general execution could issue. Such a judgment would not only be effective for all practical purposes but carry out the terms of the contract, and leave the liability of the garnishee precisely as it existed between him and his creditors. The rule that the garnishee should not be placed in a worse condition in this proceeding than he would have been under his contract is a sound one and is duly recognized. The judgment below will be reversed at the costs of appellees and the cause remanded.

Reversed.