RANSOM & Co. v. STANBERRY, Garnishee.

1. Estoppel: MUST BE SPECIALLY PLEADED. Matter in estoppel must be specially pleaded, and it is error to admit evidence thereof unless so pleaded.

2. Note non-negotiable: PAYABLE IN PROPERTY: CHARACTER OF JUDGMENT. The judgment upon a note payable in property, should be for the property, and not for money, unless the note has become converted into a money demand.

*Appeal from Cerro Gordo District Court.*

FRIDAY, JUNE 14.

THE plaintiff obtained judgment against Martin Bumgardner, and under execution thereon caused the defendant, W. C. Stanberry, to be garnished. The garnishee made answer, upon which plaintiffs took issue. The cause was tried to the court, and judgment rendered for plaintiffs. The garnishee appeals. The further facts are stated in the opinion.

*I. W. Card* for the appellant.

*Starr & Patterson* for the appellees.

COLE, J. — The defendant, when summoned as garnishee, made his answer.   He stated in substance that he gave **1. ESTOPPEL: must be specially pleaded.** to the judgment debtor two promissory notes amounting to six hundred and twenty-five dollars, which notes were still outstanding and were now in the hands of plaintiff's attorneys ; that said notes were payable in Winnebago county orders, and were given with others which have been since paid, in consideration for the sale of a court-house and contracts for the building thereof, made by the judgment debtor with the county judge of said county, and also for seven bonds with coupons, made by said county to said judgment debtor ; that said contract for the sale of said court-house, bonds, etc., by said judgment debtor to said garnishee, was in writing and annexed to the answer of the garnishee ; that said bonds and coupons had not been delivered to him, and therefore the consideration of the notes had failed and he did not owe the judgment debtor anything.

The plaintiffs filed their reply to the answer of the defendant, garnishee, in which they deny the execution by their judgment debtor of the written contract set out by the garnishee in his answer ; deny that the notes were given in part consideration for the sale of the bonds and coupons mentioned in the answer, and deny that the notes ever had any thing whatever to do with the transfer of the bonds.

Upon the issues thus made the cause was tried to the court.

On the trial the plaintiff introduced testimony tending to show an *estoppel*, such as, that defendant, while plaintiffs might have obtained other property on their claim,

promised to pay these notes to plaintiff if they would take them, and, relying upon such promise, they took the notes and allowed the other property to be disposed of by the judgment debtor, who is now insolvent.

This testimony was objected to by defendant as irrelevant, etc. There was other testimony also introduced. The court found the facts, and, the record shows, based its judgment upon the *estoppel*.

There was nothing in the pleadings in relation to an *estoppel*, and it was error to admit the evidence in relation to it. At the common law, matter of *estoppel* should be specially pleaded as such. Chitty on Plead., vol. 1, p. 509.

But see the common law rule stated *contra* in *Phillips* v. *Shum*, 114 Eng. Com. Law Rep., 400. However the rule at common law may now be, under our Code, the same rule in substance as stated in Chitty prevails by the requirement *to state the facts* constituting the action or defense.

It also appears that the notes are payable in Winnebago county orders, while the judgment against the garnishee **2. NOTE NON-NEGOTIABLE: payable in property: character of judgment.** was for money. If the notes have not become money demands (which we do not decide) the judgment should be for the property as payable by the note, as was held by this court in *Stadler Bros. & Co.* v. *Parmlee & Watts* (14 Iowa, 175). See also the authorities cited in that case. Since the cause will be tried *de novo*, it is unnecessary to examine the alleged error as to the amount of the judgment.

Reversed.