CROSBY V. TANNER ET AL.

**Promissory Note:** EQUITIES OF THOSE NOT PARTIES: ASSIGNMENT. The assignee of a promissory note secured by mortgage, taken after maturity, takes it exempt from any equities residing in a third party to which it might be subject in the hands of the assignor.

*Appeal from Butler District Court.*

THURSDAY, DECEMBER 17.

ACTION to foreclose a mortgage given to secure a note executed by defendant, C. K. Tanner, to Frances B. Tanner. Another mortgage, upon the same property, was afterward executed to defendant, Melhop, who claims, because of an agreement entered into by Frances B. Tanner to cancel the first mortgage, his security is the prior lien. The cause was referred, and upon the report of the referee a decree was entered declaring Melhop's mortgage the paramount lien. Plaintiff appeals. The further facts in the case appear in the opinion.

*H. C. Hemenway,* for appellant.

*Gray, Dougherty & Gibson,* for appellees.

BECK, J.—Frances B. Tanner, being still the holder of the note, upon sufficient consideration agreed with defendant Melhop to cancel the mortgage which is the foundation of this action.. This however was never done. Subsequently, and after the maturity of the note, the payee transferred it to Baker who in turn indorsed it to plaintiff. The mortgage was also assigned to plaintiff by an instrument duly recorded. Neither plaintiff nor Baker had knowledge of the agreement between Frances B. Tanner and Melhop, for the cancellation of the mortgage.

Melhop now claims that as the note and mortgage were transferred after maturity, it is subject, in the hands of plaintiff, to the equity in his favor arising from the agreement stated.

The position is based upon the familiar doctrine that the transfer of a negotiable instrument, after maturity, is governed by the rules applicable to the assignment of a chose in action, which divests no equity affecting it while in the hands of the assignor. But the rule is not applicable to the case before us, for the reason that the equities, which survive the assignment, are those which are between the parties to the instrument, and not those between the assignor and one not a party. The doctrine and the exception are so well stated by Chancellor KENT, in *Murray v. Syburn*, 2 John Ch., 441, that we can best present them by quoting his language. It may be premised that in the case from which the quotation is made, a *cestui que trust* sought to recover the proceeds of certain property sold by the trustee, which had been secured by bond and mortgage, by an action against the purchaser; the securities had been assigned and the holder was a party to the action.

The eminent Chancellor said: "It is a general and well settled principle, that the assignee of a chose in action takes it subject to the same equity it was subject to in the hands of the assignor. (2 Vern., 691, 764; 1 P. Wrus., 496; 1 Ves., 123; 4 Vesey Jun., 121.) But this rule is generally understood to mean the equity residing in the original obligor, or debtor, and not an equity residing in some third person against the assignor. He takes it *subject to all the equity of the obligor*, say the judges in the very elaborately argued case of *Morton v. Rose*, (2 Wash. Rep., 233, 254,) on this very point touching the right of the assignee of a bond. The assignee can always go to the debtor, and ascertain what claims he may have against the bond, or other chose in action, which he is about purchasing from the obligee; but he may not be able with the utmost diligence, to ascertain the latent equity of some third person against the obligee. He has not any object to which he can direct his inquiries; and for this reason the claim of the assignee, without notice, to a chose in action, was preferred in the late case of *Redfern v. Ferrier*, (1 Dow. Rep., 50,) to that of a third party setting up a secret equity against the assignor. Lord ELDON observed in that case that if it was not to be so, no assignment could ever be taken with safety. I am not

aware that this decision was the introduction of any new principle, in the case of actual *bonâ fide* purchases of assignments by contract; though Lord THURLOW said in one case, (1 Vesey Jun., 249,) that the purchaser of a *chose in action* must abide by the case of the person from whom he buys; but he spoke this on a question between the assignee and the debtor."

We know of no departure from the doctrine here announced in more modern cases, and we have been referred to no authority which questions it. Its application settles the controverversy before us.

The case of *Burtis v. Cook & Sargent*, 16 Iowa, 202, is not in conflict with our conclusion, but is in harmony with the principles upon which we base it. In that case an equity in favor of a defendant in a judgment which had been paid, but not satisfied on the record, and subsequently assigned, was held to follow the assignment and protect the debtor against the assignee. And this follows from the very doctrines above stated. The assignee would be directed to the debtor to ascertain any equities he held. But as to third persons he can make no inquiry, for nothing points him to the proper party, of whom he is to obtain information. If the principles contended for by appellee's counsel be correct, an assignee would find safety only in inquiries extended to the whole world.

In our opinion the equity of Melhop cannot be set up against the holder of the note and mortgage, which is a lien prior and paramount to his own.

The cause will be remanded for further proceedings not inconsistent with this opinion.

REVERSED.