Johnson, J.
The petition was upon a promissory note for the recovery of money only. The answer set up new matter as defenses, among them facts showing want of consideration, and fraud in procuring the note. The reply denied each of the allegations contained in the answer.
On the trial, and as a bar to the defenses above stated, the record in the former suit was introduced, and the court charged the jury that it was conclusive upon the defendant, both as to the question of fraud and want of consideration.
The code (section 101), provides, that the plaintiff may demur to an answer, or where, as in this case, it contains new matter, “ he may reply to such new matter, by denying, either generally or specifically, each allegation controverted by him, and he may allege . . . any new matter not inconsistent with his petition constituting an answer in law to such new matter.” To this reply the defendant may demur. The answer contained new matter by way of defense.
If the former adjudication was a bar to this new matter of defendant, it was new matter, not inconsistent with the petition, which could have been set up by reply.
The defendant could then have demurred. In this way there would been presented to the court a question of law. The code, therefore, furnishes an opportunity to plead the former adjudication. The object of requiring pleadings in wilting is, to advise the opposite party of the facts constituting their respective claims and defenses. This object is defeated by allowing the record to be offered in evidence without notice by pleading, that it is relied on, after the defendant had offered in evidence the facts constituting his defense.
The former adjudication is new matter, which the code practice requires should be pleaded. It is matter expost facto, and should be specially pleaded, so that the court may, as matter of law, determine as to its effect. This was the settled rule at common law, whenever there was an opportunity to plead such former adjudication. The code having furnished that *347 opportunity to plead it, we think the record was inadmissible as evidence. Vooight v. Winch, 2 B. & Ald. 662; Brazil v. Isham, 12 N. Y. 9, 17; Pomeroy on Rem. § 702; Clink v. Thurslin, 47 Cal. 21; Ransom v. Stanberry, 22 Iowa, 334; Phillips v. Van Shaick, 37 Iowa, 229; 2 Smith Lead. Cas. notes 629, 630, 631; Gray v. Massie, 17 Vt. 419 ; Lockwood v. Wildman, 13 Ohio, 430.

Judgment reversed.