## HOSKINS v. ROWE ET AL. AND PARR, INTERVENOR.

1. **Vendor's Lien:** ENFORCED BY ONE OF SEVERAL GRANTORS AGAINST A PORTION OF THE LAND. Six heirs conveyed to plaintiff certain lands for the consideration of $500 each. All the land, except the forty acres in controversy, had been sold by plaintiff, and (it would seem) all the heirs, except the intervenor, had been paid. Upon her petition of intervention and the evidence in the case, (see opinion,) it was *held* that she had a vendor's lien on this remaining forty-acre tract for her $500, and that the court below did not err in rendering judgment in her favor for said sum against plaintiff, and making the same a lien on the land.

2. **Practice in Equity:** RELIEF UNDER GENERAL PRAYER. Under a prayer for general relief in equity, the petitioner may have any relief to which he is entitled under the facts pleaded in the petition, regardless of his theory of the legal effect of such facts.

*Appeal from Cedar District Court.*

FRIDAY, June 8.

THIS action was originally commenced against the defendants to quiet the title of the plaintiff to forty acres of land. The defendant answered, denying that the plaintiff had any interest in the land. Mary S. Parr intervened in the action, and claimed that the plaintiff held the legal title of the land in trust for herself and other heirs of F. M. Denny, deceased, and she asserted a specific lien of $500 upon the land, and prayed for general relief. The plaintiff answered this petition of intervention by denying any trust whatever, and asserting that he was the absolute owner by purchase from the heirs of F. M. Denny, deceased, including the intervenor.

The cause was tried upon written evidence, and a decree was entered against the defendants, quieting plaintiff's title to the land, and a judgment was rendered in favor of the intervenor and against the plaintiff for $500, and the said judgment was declared to be a lien upon the land. Plaintiff appeals.

*J. W. Todd* and *Sylvanus Yates*, for appellant.

*Wolf & Landt*, for appellees.

ROTHROCK, J. No appeal was taken by the defendants. The questions to be determined relate solely to the controversy between plaintiff and the intervenor. We will proceed to state the facts which are conceded, or which, in our opinion, are fully established by the evidence, without reviewing the testimony of the witnesses.

William Denny died in 1877, leaving his property, which consisted of two hundred and forty acres of land, to his widow, F. M. Denny. In 1878, F. M. Denny conveyed one forty-acre tract of the land to the intervenor, Mary S. Parr, who is a daughter of William and F. M. Denny. Afterwards F. M. Denny died intestate. There were five other children, or their representatives, so that, after the death of F. M. Denny, her estate was to be divided into six shares and distributed to the six children or their representatives. There was a mistake made in the description of the land conveyed by the deed to Mary S Parr, but she was in possession of the forty acres intended to be conveyed, and so remained in possession. After the death of F. M. Denny, a contract was entered into between the plaintiff and all the heirs, by which they conveyed all of their shares in the whole two hundred and forty acres to the plaintiff, and the plaintiff conveyed back to Mary S. Parr the forty acres intended to have been conveyed by her mother to her. The plaintiff claims that he had a contract with the heirs, excepting Mary S. Parr, to purchase the share of each for $500; but that Mary S. Parr took the conveyance back from him in correction of the previous conveyance made by her mother, in full payment and satisfaction of her share in the estate. She claims, and so avers in her petition, that the plaintiff took the conveyance from all the heirs, including herself, in trust, and that he was to have the title to the land and sell the same to the best advantage, and retain $200 for his services, and divide the remainder equally, and that her forty-acre tract was not to be included. She sets up her rights in her petition as a trust; avers that all of the land

*Margin note: 1. VENDOR's lien : enforced by one of several grantors against a portion of the land*

but the forty acres in controversy has been sold, and she asks that the conveyance, so far as this remaining tract is concerned, be canceled; and that she have a lien thereon for $500, and that the land be sold, and the balance, after paying her lien, and the $200 to plaintiff for his services, be divided among all of the heirs. She also prays for general relief.

There is no sufficient evidence in the case showing that the conveyance of the forty acres from F. M. Denny to her daughter was intended as an advancement. On the contrary, there is much in the record tending to show that such was not the intention, and that it was payment to her for money she had at various times advanced to her father and mother. If she had made no contract with the plaintiff whatever, she could have held the forty acres actually conveyed to her by her mother, which is shown to have been of as much or more value than the forty acres intended to be conveyed. Or she could, possibly, have had the deed reformed and the mistake corrected, so as to hold the land intended to be conveyed. In addition to this, she would have been entitled to an equal share with the other heirs in the remaining land. We think the evidence fairly establishes the fact that she did not agree to surrender her share in the estate in consideration of the correction of her title to her forty-acre tract by the plaintiff. We judge from the nature of the decree that the court below found that the plaintiff did purchase the share of the heirs for $500 each, and that such was the contract with Mary S. Parr. If this was not the finding, it must have been that there was no consideration whatever agreed to be paid to her for her share in the estate.

It is insisted by counsel for the appellant, that the claim made by Mary S. Parr amounts to an express trust in the 2. PRACTICE in equity: relief under general prayer. plaintiff, and that such a trust in real estate cannot be shown by parol. It is true, the intervenor asserts in her petition that the plaintiff holds the land merely as a trustee. But she also prays for general relief, and, under this prayer, she is entitled to any

relief in equity to which she is entitled under the facts pleaded in her petition. She is simply entitled to a vendor's lien for such an amount as she is fairly entitled to, and she testified upon the trial that plaintiff was to pay her $500, the same as the other heirs. Her rights arise upon her convey-ance of the land to the plaintiff without payment to her of any consideration, and considering the amount for which the plaintiff has sold the remainder of the land, and the value of that in controversy, he can well afford to pay the amount found to be due by the district court.

AFFIRMED.