BLAKE, ADM'R, v. KOONS ET AL.

1. **Former Adjudication:** VENDOR'S LIEN: SUBROGATION OF SURETY UPON PAYING NOTE FOR PURCHASE MONEY. The vendor of real estate sued the purchaser and his surety on a purchase-money note, and procured judgment, but the court refused to decree a vendor's lien on the premises. The surety paid the judgment. *Held* that, since he was a party to the action in which the vendor was refused a lien, he was bound by that adjudication, and that he could not afterwards claim to be entitled to such a lien by subrogation to the rights of the vendor.

2. **Mortgage:** WANT OF CONSIDERATION: RIGHTS OF SUBSEQUENT PURCHASER WITH NOTICE. A subsequent purchaser of land with notice of a prior mortgage is in no position to question the validity of the mortgage and secured notes in the hands of an assignee, even though he takes them after maturity, and subject to equities in favor of the maker. (*Crosby v. Tanner*, 40 Iowa, 136, followed )

*Appeal from Wapello Circuit Court.*

MONDAY, MARCH 14.

ACTION in equity to forclose a mortgage executed by defendant B. C. Koons to M. L. Koons, to secure seven promissory notes. The mortgage and notes were assigned by M. L. Koons to plaintiff's intestate, in payment of an indebtedness, such assignment being made after the maturity of the notes. It is alleged in the petition that the defendants Harmon and Madsen assert some claim to the mortgaged property, but that their claims are junior to that of plaintiff. Harmon alleged in a cross-petition that B. C. Koons was indebted to him for borrowed money which was used by him in paying for the mortgaged premises, and that at the time the loan was made the intestate assigned to him the mortgage as collateral security therefor; and he prayed for judgment against Koons for the amount of the indebtedness, and for a foreclosure of the mortgage. Madsen answered that when Koons purchased the premises he became surety for him on a note given for a portion of the purchase price, and that judgment was subsequently obtained thereon against Koons

and himself, on which execution was issued, and the property sold, and that he became the purchaser, and subsequently obtained a sheriff's deed to the premises; also that the notes and mortgage sued on were given without consideration, and in pursuance of a corrupt combination between M. L. Koons and B. C. Koons to cheat and defraud the creditors of the latter. The district court entered judgment in favor of Harmon on his cross-petition, for the amount of the indebtedness from Coons to him, and for the foreclosure of the mortgage. It also gave plaintiff judgment for the amount of the notes, and for the foreclosure of the mortgage, and adjudged that Madsen's interest in the property was junior and inferior to the liens of plaintiff and Harmon. Defendant Madsen appealed.

*H. B. Hendershott*, for appellant.

*McNett & Tisdale*, for appellees.

REED, J.—I. The note that Madsen signed as surety for B. C. Koons was given for part of the purchase price of the mortgaged premises, and was given before plaint-

1. FORMER adjudication: vendor's lien: subrogation of surety upon paying note for purchase money.

iff's mortgage was executed. Judgment was subsequently rendered on the note against both Koons and Madsen, and that judgment was satisfied by the sale of the property to Madsen. It is urged that the vendor had a lien on the premises for the unpaid purchase money, and, as Madsen paid the debt, he is now entitled, as against Koons, to be subrogated to the rights of the vendor under that lien; and, as the intestate and Harmon had notice of that equity when they acquired the mortgage, they took subject to it. The record in the action in which the judgment was rendered, however, affords a conclusive answer to this position. The plaintiff in the action alleged that he was entitled to a vendor's lien on the premises, and prayed for the enforcement of such lien. Koons answered denying that claim, and the court gave the plaintiff a money judgment for the amount of the note, but refused

to give any further relief. The judgment determines, then, that the vendor was not entitled to a lien for the unpaid purchase money. Madsen was a party to the record, and he is bound by the adjudication. He is clearly in no position now to assert that a lien existed in favor of the vendor, and we need not inquire whether, in view of the fact that he satisfied the judgment in which he was surety by bidding in the property of the principal debtor at execution sale, he would be entitled to be subrogated to the rights of the vendor under the lien, if one had existed.

II. Appellant seeks to defeat the foreclosure of the mortgage on the ground that it was given without consideration, and for the fraudulent purpose of covering the property, and preventing the creditors of the mortgagor from appropriating it for the satisfaction of their debts. We think it unnecessary to enter into the question of fact arising under this claim. As the intestate purchased the notes after maturity, she took them subject to existing equities in favor of the maker. But appellant was not a party to the contract. He is a subsequent purchaser of the mortgaged premises, but purchased with notice of the mortgage, and the question is whether he is in a position to plead, as against an assignee of the notes, the infirmity of the contract. We think not. The case on this question falls within the rule of *Crosby v. Tanner*, 40 Iowa, 136.

2. MORTGAGE: want of consideration: rights of subsequent purchaser with notice.

AFFIRMED.