SEARLE *et al.* v. FAIRBANKS, MORSE & Co. *et al.*

1. **Judgment: AGAINST GARNISHEE : FRAUD : SETTING ASIDE.** Plaintiff was garnished on execution at the suit of defendants against one T., and he answered that he had money and notes belonging to T., but afterwards, and before judgment was rendered on his answer, he discovered that the T. whose money and notes he held was not the T. against whom the execution ran, and he so stated

to defendant's attorney in that suit, and informed him that he had in his hands no money or property belonging to said execution defendant, whereupon said attorney agreed that he would take no further steps in the garnishment proceeding; and plaintiff, relying on said promise, took no steps to correct his answer. The said attorney, however, without notice to plaintiff, and in his absence, took judgment against him upon his answer. *Held* that these facts presented a case of judgment obtained by fraud which did not arise until the judgment was entered, and which was not discoverable until after that time, and that equity would grant relief by enjoining the collection of the judgment and setting it aside. (Code, sec. 2522, and *Hintrager v. Sumbargo*, 54 Iowa, 604, *distinguished.*)

2. **The Same:** INTEREST OF GARNISHEE TO SUSTAIN ACTION. In such case, though notice of the garnishment was given the person whose notes and money plaintiff, as garnishee, answered that he held, and not to the execution defendant of the same name, *held* that, whether plaintiff would or would not be protected, in paying the judgment, as against the person whose money and notes he held, he had such an interest as entitled him to maintain an action to set aside the judgment and enjoin its collection.

3. **Costs:** JUDGMENT FOR UNDER GENERAL PRAYER IN EQUITY. Where a petition in equity prays for "such other relief as equity will allow," and the plaintiff prevails, judgment is properly rendered against defendant for costs, without a special prayer therefor. (See *Hoskins v. Rowe*, 61 Iowa, 180.)

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 27, 1890.

ON demurrer to a petition to vacate a judgment, and for injunction. The petition shows that on March 4, 1878, Fairbanks, Morse & Co. obtained a judgment against one William Taylor, and caused an execution to issue thereon, upon which the plaintiff C. P. Searle was garnished as a supposed debtor of said William Taylor; that Searle answered as garnishee that he had collected money on notes, and had notes in his possession uncollected, for William Taylor,—the cash amounting to about four hundred dollars, and the notes to about one hundred and thirty-five dollars; that Searle never made any further appearance in said proceedings,

and no issue was joined upon his answer, but judgment was entered thereon against him without any notice to him, and without any motion being filed for judgment, without any notice to the judgment defendant, William Taylor, and without any other proof than said answer; that, at the time of answering, Searle supposed that his coplaintiff William Taylor was the identical William Taylor, judgment defendant, as aforesaid, but in this he was mistaken ; his coplaintiff, to whom the money and notes referred to in said garnishee answer belonged, being a different William Taylor from the judgment defendant; that he had no funds on hand, or money or other property in his hands, belonging to said judgment defendant, and that his answers were made from mistake ; that some time after said answers were taken, and before judgment against him, the said Searle learned of his mistake, and informed D. C. Waggoner, attorney for Fairbanks, Morse & Co., of said mistake, and that there were no funds, notes, cash or other property in his hands belonging to William Taylor, judgment defendant, and that it was another Taylor who owned the cash and notes referred to in the answers; that said Waggoner agreed to drop any further proceedings in said garnishment matter, and the garnishee for that reason gave no further attention thereto, relying upon said agreement; that, notwithstanding the agreement, said Waggoner, for the purpose of cheating and defrauding this plaintiff Searle, on the third day of October, 1888, took judgment against him in said garnishment proceeding for $81.87 and twenty dollars' costs, without his knowledge and in his absence, and has since caused execution to issue thereon, and which is now in the hands of the defendant Woodruff, sheriff. Plaintiff asks that said judgment against him be vacated, that he be discharged as garnishee, and that a temporary injunction be issued enjoining defendants from enforcing said judgment against him. Defendants demurred on the grounds that plaintiff Searle has no interest in the result of this suit; that he knew of the alleged

mistake before the judgment was rendered; that he was negligent in presenting the evidence in his possession; that the agreement with Waggoner was without consideration and void; that the petition does not show that the notice required by section 2975, Code, was not served on William Taylor, plaintiff herein; does not show that William Taylor, plaintiff, is entitled to any relief, nor that any fraud was practiced by the successful party in obtaining judgment, by which said Taylor was prevented from presenting his rights to this court; that this action is founded upon the record of this court, and a copy thereof is not set out; and that plaintiffs have a plain, speedy and adequate remedy at law. The demurrer was overruled, to which defendants excepted, and, electing to stand upon their demurrer, decree was entered for plaintiffs, from which defendants appeal.

*D. C. Waggoner*, for appellants.

*Liston McMillen*, for appellees.

GIVEN, J.—I. Appellants maintain that this is a proceeding in equity, and that the demurrer should be sustained because plaintiff has a plain, speedy and adequate remedy under sections 3154, 3155, Code, and because the petition does not show that the defense has arisen or been discovered since the judgment complained of was rendered. If the petition shows grounds for relief either at law or in equity, the demurrer was properly overruled. An error as to the kind of proceedings is not ground for demurrer, but for correction, as provided in sections 2514, 2515, Code. One ground for relief is that the judgment was fraudulently obtained. The fraud alleged is that the attorney for the execution plaintiffs, being informed that the William Taylor whose money and notes the plaintiff held was not the William Taylor against whom the judgment was, agreed to drop any further proceedings against the plaintiff as garnishee, and, without notice to, and in the absence of, the

*1. JUDGMENT: against garnishee: fraud: setting aside.*

plaintiff, took judgment against him. This fraud did not arise, and consequently could not have been discovered, until the judgment was obtained. Herein the case differs from *Hintrager v. Sumbargo*, 54 Iowa, 604, and is within the provisions of section 2522, Code. That relief should be granted against such a fraud as that alleged requires no argument. The petition, showing as it does that the fraud did not arise until the judgment was obtained, and that it was not, and could not be, discovered until thereafter, presents a case for equitable relief.

II.  Appellants contend that this case is being prosecuted by Searle alone, and that he has no interest therein, and hence the demurrer should be 2. THE same: interest of garnishee to sustain action. sustained. The petition shows that no notice was given to the judgment defendant, William Taylor, of the garnishment proceedings, but was served on the William Taylor whose money and notes the garnishee held. Counsel argue that the judgment against Searle is conclusive as between him and his client Taylor, and cite *Stadler v. Parmlee*, 14 Iowa, 175. The marked difference between the cases is that in that case the liability of the garnishee was to the judgment defendant, while in this it is to a stranger to the judgment. We need not determine whether Searle would be protected as against his client Taylor in paying this judgment; for, even if it were so, yet Searle has such an interest as entitles him to maintain this action.

III.  Appellants complain that judgment was rendered against them for costs, when no such judgment is 3. COSTS: judgment for under general prayer in equity. asked in the petition. The petition asks for "such other relief as equity will allow." "Under a general prayer for relief in an equitable action, plaintiff is entitled to any relief in equity to which he is entitled under the facts pleaded." *Hoskins v. Rowe*, 61 Iowa, 180. There was no error in rendering judgment against the defendants for costs. Our conclusion is that the judgment of the district court should be                          AFFIRMED.