ARTHUR J. DEAN v. JACOB B. CRALL AND SAMUEL W. BISHOP.

*Estoppel—Pleading.*

The rule that an estoppel *in pais* must be pleaded where it con-stitutes the basis of a right to sue and ground of relief, or is relied upon as a defense, applies to equity cases only, and not to an action at law; overruling *Gooding v. Underwood,* 89 Mich. 187, and *Pearson v. Hardin,* 95 Id. 360, in so far as they hold a contrary doctrine.

Error to Berrien. (O'Hara, J.) Argued November 1, 1893. Decided February 6, 1894.

*Assumpsit.* Defendant Crall brings error. Reversed. The facts are stated in the opinions.

George S. Clapp (Spafford Tryon, of counsel), for appel-lant.

A. L. Hammond (M. L. Howell, of counsel), for plaintiff.

HOOKER, J.    One Samuel W. Bishop executed to the plaintiff two promissory notes for $200 each.    To these notes he forged the name of the defendant Crall.    For this crime it appears Bishop was convicted, and sent to the penitentiary.    Plaintiff and his attorney went one night, about 11 o'clock, to the house of the defendant Crall, and, under threats then made by them, he was in-duced to pay the notes.    Crall afterwards sued plaintiff to recover the money so paid, on the ground that it was ob-tained from him by duress, and recovered judgment. Plaintiff then asked to have that judgment against him set aside, promising to pay the amount and costs if that was done.    The judgment was set aside.    Plaintiff paid

Crall the amount and costs thereof, and received back from him the notes here in controversy. Plaintiff thereupon brought this suit against Bishop and Crall, declaring upon the common counts alone. Defendant Crall demanded a bill of particulars, which was furnished, and contained only copies of these notes, with the statement that they constituted his cause of action in the case. Defendant filed an affidavit with his plea, denying the execution of the notes.

Upon the trial, plaintiff sought to recover against Crall solely upon the ground of an estoppel. The estoppel is based upon the plaintiff's testimony that the defendant Crall once told him that the notes were all right; that he would stand by them, and see them paid. This conversation took place March 3. The payment by defendant to plaintiff under duress was made March 28. The notes were received back from Crall August 12, when plaintiff paid the amount of the judgment Crall had recovered against him.

We have carefully examined the evidence, and think that it does not show a state of facts which can be held to give rise to an estoppel. The notes were forgeries, and there is evidence that the defendant promised to pay them. The evidence is not very clear that the plaintiff was misled into the belief that the signatures were genuine, though perhaps that question was a proper one for the jury. But an estoppel cannot exist unless one is misled to his injury by reason of his belief in and reliance upon the representations alleged, and we find nothing of the kind here. *Palmer v. Williams*, 24 Mich. 328. We are not referred to any evidence tending to show that the plaintiff lost any opportunity to collect from Bishop, or was in any way worse off when he was told by the defendant that the notes were forgeries than he was at the time the promise to pay was made. It is argued that he might have attached the

property of Bishop, but the charge alone is cited to support the proposition. No proof is referred to, showing that he had either opportunity or desire to make his debt by attachment against Bishop.

It is contended that under the rule laid down in the case of *Gooding v. Underwood,* 89 Mich. 187, 190, and *Pearson v. Hardin,* 95 Id. 360, it was necessary to set up the estoppel in the declaration. It is the settled rule in Michigan that in equity cases an estoppel *in pais* must be pleaded, where it constitutes the basis of a right to sue and ground of relief, or is relied upon as a defense. *Cicotte v. Gagnier,* 2 Mich. 381; *Moran v. Palmer,* 13 Id. 367; *Connerton v. Millar,* 41 Id. 608; *Dale v. Turner,* 34 Id. 405. With the exception of the two cases cited, it is believed that it has not, in this State, been held necessary, in actions at law; and these cases are like the one at bar, where the respective causes of action were based solely and entirely upon estoppel. In England it was formerly no uncommon thing to plead an estoppel by way of defense. Indeed, where the scheme of pleading was designed to eliminate unnecessary questions, and reduce the case to a single issue, it was a natural and proper course, and some cases have held that it was necessary to plead an estoppel of record. A similar practice prevailed to some extent in cases of estoppel *in pais,* and it seems to have been thought advantageous to do so, instead of proving it under the general issue. *Needler v. Bishop of Winchester,* Hob. 220*a; Treviban v. Lawrence,* 2 Ld. Raym. 1051; *Sanderson v. Collman,* 4 Man. & G. 209; *Darlington v. Pritchard,* Id. 783; *Veale v. Warner,* 1 Wms. Saund. (Ed. 1871) 576, and note. In some of the American states, an estoppel *in pais* can be given in evidence only when pleaded. *Clauser v. Jones,* 100 Ind. 123; *Heirs of Wood v. Nicholls,* 33 La. Ann. 744; *Ransom & Co. v. Stanberry,* 22 Iowa,

334; *Noble v. Blount,* 77 Mo. 242; *Warder v. Baldwin,* 51 Wis. 450. But at common law it seems to be settled that an estoppel *in pais* need not be pleaded, and, whatever difference in the effect may have once resulted from a failure to plead it, none is now recognized. *Sanderson v. Collman,* 4 Man. & G. 220, 222; *Freeman v. Cooke,* 2 Exch. 662.

In many instances it is impracticable to plead estoppels, as they first come to light upon the trial, in answer to evidence not anticipated. That is perhaps not true in the two cases named, or in this case; but a case can easily be imagined where the claim of forgery might first come to the knowledge of the plaintiff upon the trial, and if a plaintiff were not convinced of its truth he might not care to amend his declaration if the opportunity were given. Again, it is somewhat illogical to say that the estoppel constitutes the cause of action. On the contrary, as shown in *Pearson v. Hardin,* it tends to establish the *obligation alleged* by way of an admission, which is receivable in evidence to establish the signature, which admission becomes conclusive of the fact when all of the elements of estoppel are present. We think, therefore, that the adherence to the rule mentioned would be unwise, and that these cases should be overruled in this particular.

The judgment must be reversed, and a new trial ordered.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred with HOOKER, J.

GRANT, J. I can see no good reason why the same rule should not apply at law as well as in equity, where the sole ground of action is an estoppel. That it must be pleaded in equity is conceded. The object of pleading is to inform the defendant of the cause of action against him, and the ground upon which a recovery is sought. In *Gooding v. Underwood,* 89 Mich. 187, 190, the plain

issue presented by the declaration was the acceptance of an order. In the present case it was the making of a promissory note which was known by the plaintiff, before he brought suit, to have been forged. Clearly, therefore, he could not maintain an action on the note itself, as against the defendant. It by no means follows that in every case an estoppel must be pleaded, and it may be conceded that plaintiff's counsel correctly state the general rule, that, where no opportunity to plead an estoppel is given, it may be given in evidence under the general issue. But this cannot be said of either *Gooding v. Underwood* or the present case. It certainly must be very rare that the forgery of an instrument declared upon can come to the knowledge of the plaintiff at the trial. Under our practice, unless the execution of the instrument declared upon is denied under oath in an affidavit filed with a plea, its execution is admitted, and the plaintiff's *prima facie* case is made upon the production of the writing. Plaintiff, in such a case, has had no opportunity to plead an estoppel, and, whatever the defense set up upon the trial, the plaintiff may reply an estoppel without pleading. This rule seems to me to be founded in good sense.

But this is solely a question of practice, which should be settled, whenever possible, by the unanimous decision of the Court. I therefore yield to the opinion of my brethren in the establishment of the rule that it is not necessary to plead an estoppel.