GEORGE REED v. W. H. CORRIGAN, Appellant.

**New Trial:** NEWLY-DISCOVERED EVIDENCE: *Materiality.* Where, in an action to recover money loaned, defendant denies that the transaction was a loan, but alleges that, on payment of a certain sum by a given date, plaintiff was to become his partner, and that plaintiff has failed to comply therewith, but has paid only a small portion of the sum named, a new trial will not be granted for newly-discovered evidence on an affidavit that plaintiff had said he purchased a half interest in the business, and that the parties were in partnership, such evidence being immaterial under defendant's allegations.

**Costs:** DEMAND IN PLEADING UNNECESSARY. Under Code, section 3853, providing that costs shall be recovered by the successful against the losing party, costs may be recovered by a plaintiff without a demand therefor in his petition.

Review on Appeal: FINDINGS OF TRIAL COURT. Where the testimony is conflicting, a finding of the trial court thereon will not be. disturbed on appeal.

*Appeal from Monona District Court.*—HON. WILLIAM: HUTCHINSON, Judge.

MONDAY, OCTOBER 14, 1901.

ACTION to recover $265 which plaintiff alleges he loaned to defendant in August, 1898, on his verbal promise to repay the same in a short time. Defendant answered, denying that plaintiff loaned him any money; and in an amendment to conform to the proofs, and as further defense and counterclaim, he alleges, in substance, as follows: That about August 1, 1898, they entered into an oral agreement whereby defendant agreed to sell, and plaintiff to buy, a one-half interest in defendant's harness business at $800, and upon full payment thereof January 1, 1899, he was to become a partner with defendant in said business; that plaintiff failed to comply with said agreement, and has only paid a small part of said $800. Defendant demands judgment for $600 as balance due under the agreement, and for damages for a failure to perform said agreement. Plaintiff replied, denying generally the allegations of defendant's cross bill. The case was tried to the court, and judgment rendered in favor of the plaintiff. Defendant appeals.—*Affirmed.*

*Chas. E. Underhill* for appellant.

*McMillan & Kindall* for appellee.

GIVEN, C. J.—I. Appellant's first contention is that the court erred in rendering judgment in any amount against him. There is no question but that defendant did receive from plaintiff $265 about the time alleged, and the question is whether it was as a loan, or on account of the alleged agreement. The only witnesses examined were the parties and T.

J. Smith, and their tesimony is in conflict as to whether there was an agreement as alleged. The determination of the issue depends upon the weight and credit to be given to the witnesses, and of this the trial judge had better opportunity of judging than we have. Giving to his judgment the force and effect of a verdict, we cannot say that he erred in rendering judgment for the plaintiff. Appellant's further contention is that the court erred in rendering judgment against him for costs, for the reason that plaintiff does not ask to recover costs in his petiton. Appellant cites *Johnson v. Mantz,* 69 Iowa, 710, holding that relief not asked cannot be granted, and *Searle v. Fairbanks, Morse & Co.,* 80 Iowa, 307, that judgment for costs on a prayer for general relief in equity was proper. Section 3853 of the Code provides "that costs shall be recovered by the successful against the losing party." Costs are no part of the cause of action, but incident to the action, and may be recovered without demand therefor.

II. Appellant moved to set aside the judgment and for a new trial on the ground of newly-discovered evidence, which motion was overruled, and of this he complains. Three affidavits were filed in support of this motion, and are to the effect that plaintiff said he had purchased a half interest in defendant's business, and that he was in partnership with him. Defendant's allegation is that upon full payment of the $800 "on or before January 1, 1899, he was to become a full partner with the defendant," and that he "has only paid a small portion thereof." The newly-discovered evidence was immaterial under this allegation. For this and other reasons there was no error in overruling defendant's motion to vacate the judgment and for a new trial.—AFFIRMED.