C. E. BERRY, Appellee, v. GEORGE F. KRITENBRINK et al., Appellants.

APPEAL AND ERROR: Grounds for Review—Points First Raised 1 on Appeal. Objection, not raised in trial court, that the petition states no cause of action, will not be considered on appeal.

APPEAL AND ERROR: Grounds for Review—First Complaint as to 2 Unobjected Evidence on Appeal. Parol evidence, unobjected to, enlarging writings which are in evidence, cannot be complained of for the first time on appeal.

*Appeal from Adair District Court.*—LORIN N. HAYS, Judge.

APRIL 14, 1919.

WE think the ultimate question is one of fact, and is whether the plaintiff appellee has waived his rights to the real estate in controversy—whether or not the contract sued on by appellee has been forfeited or waived. The trial court held there was no forfeiture or waiver, and defendants appeal.—*Affirmed.*

*A. M. Fagan, Musmaker & Williamson,* and *Tinley, Mitchell, Pryor & Ross,* for appellants.

*Carl P. Knox,* for appellee.

SALINGER, J.—I. In various ways, it is urged upon us that the petition states no cause of action, and for that reason the court erred in entering judgment and decree for

plaintiff. No such question was raised in

**1. APPEAL AND ERROR: grounds for review: points first raised on appeal.**

the trial court at any time, and we will not indulge in citations for the holding that appellants are not now in position to raise that point in this court.

II. There is some complaint that parol testimony was allowed, to enlarge the writings put in evidence. Be that as it may, testimony of this character was received without objection, and its reception may not here be

**2. APPEAL AND ERROR: grounds for review: first complaint as to unobjected evidence on appeal.**

complained of for the first time. See *Zabel v. Nyenhuis*, 83 Iowa 756, at 759.

III. The appeal finally resolves itself into passing upon a question of fact concerning which there was a substantial conflict in the evidence. The question of fact is whether Berry waived what interest he may have had in certain lands. Appellant urges that the court erred in finding that Berry, appellee, did not waive his rights to the land in controversy, because plaintiff, on the 24th of February, 1915, did waive and abandon any interest he might have in Exhibit A, or any of the deals described in the evidence. As to whether or not he waived these rights or released them, the testimony is in sharp conflict. We allow something for the advantage the trial court had in seeing and hearing the witnesses. With that to start with, our reading of the record satisfies us there is no substantial reason for disagreeing with the conclusions of fact reached below. See *Wilkie v. Sassen*, 123 Iowa 421, and *Pryne v. Pryne*, 116 Iowa 82, 83. We think the relief granted is fairly within the petition; at least, within its prayer for general, equitable relief. See *Searle v. Fairbanks, Morse & Co.*, 80 Iowa 307, 311; *Hoskins v. Rowe*, 61 Iowa 180; and *Iler v. Griswold*, 83 Iowa 442. It is a serious question whether those who have appealed have not lost all interest in the controversy, and whether they are entitled to maintain this appeal. See *Price v. Baldauf*,

90 Iowa 205, 209; *Faucher v. Grass,* 60 Iowa 505; *Moller v. Gottsch,* 107 Iowa 238. But, in view of the conclusions already announced, we find it unnecessary to determine that question.

Our conclusion works an affirmance.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.