C. E. BERRY, Appellee, v. GEORGE F. KRITTENBRINK et al., Appellants.

**MORTGAGES:** Execution Pending Partition Action. Where, pending
1 partition proceedings, the defendant therein conveys the entire tract, mortgages executed by the vendee will be decreed to be liens on that portion of the tract which the partition decree finally awards to the conveying defendant.

**SUBROGATION:** Aiding Landowner to Redeem From Foreclosure. A
2 junior lien holder who, having lost his right to redeem from a mortgage foreclosure, *merely advances to the owner of the land money sufficient to effect redemption*, does not thereby subrogate himself to the right of the former mortgage holder, nor thereby secure the right to have the amount of such advancement declared a lien on the land in his favor.

WEAVER and PRESTON, JJ., dissent.

*Appeal from Adair District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 7, 1922.

ACTION in equity to partition with supplemental petition to quiet title and determine the validity of certain liens on the lands in controversy. Defendants Malone and Zellmer appeal.— *Affirmed.*

*Wilson & Crowley* and *Swan, Clovis & Swan,* for appellants.

*Carl P. Knox,* for appellee.

DE GRAFF, J.—This is an action in partition and originally was entitled C. E. Berry, plaintiff vs. George F. Krittenbrink, et ux., defendants. Plaintiff in the original suit claimed to be the owner of an undivided one-half interest in the

1. MORTGAGES:
execution pending
partition action.

100 acres of land in controversy, title to which was in the name of defendant Krittenbrink. The trial court found the equities of the cause to be with plaintiff and appointed S. Lincoln Rutt as referee to make partition. On appeal to this court the decree was affirmed. *Berry v. Kritenbrink,* 185 Iowa 1121.

Upon the affirmance a supplemental petition was filed in the court below by plaintiff making other parties defendants for the purpose of quieting title in Berry and determining the validity and priority of certain liens.

The entire tract at the time of the acquisition of title by Krittenbrink and Berry was subject to two mortgages which remained liens on the premises. The first mortgage was executed by William Malone, the then title holder, and payable to the Bankers Life of Des Moines in the sum of $4,500; the second was in the sum of $1,500 payable to one McManus, but is known in this record as the Knox mortgage by virtue of an assignment.

The original petition was filed on March 11, 1915 and during the pendency of the action either in the trial court or in this court the conveyances to which we now refer were executed.

On June 9, 1915 defendant Krittenbrink and wife conveyed to Winfield S. Marr the entire parcel of land by warranty deed which was filed for record July 8, 1915. On June 22, 1915 Marr executed to the Omaha National Bank a mortgage for $6,000 which was filed for record. On December 15, 1915 Marr and the defendant Edward Malone entered into a land contract for the sale and purchase of the entire parcel of land, and the vendee Malone assumed the two mortgages of $4,500 and $1,500 respectively. This contract was recorded, February 22, 1916. Subsequently and on November 22, 1919 Marr and wife pursuant to the contract executed a quitclaim deed to defendant Malone which was filed for record November 28, 1919. About the time the land contract was executed Marr deposited a warranty deed under said contract in escrow with the First National Bank of Adair, Iowa. This deed was lost and by reason thereof Marr executed the quitclaim deed to Malone.

On May 1st, 1917 Marr reconveyed by deed the land in controversy to Krittenbrink subject to pre-existing liens.

On October 2, 1917 Krittenbrink conveyed by warranty deed a one-half interest in the land to defendant W. C. Zellmer subject to the first and second mortgages on said land. This deed was filed for record November 4, 1919 but it was not intended to be a deed in fact, but an equitable mortgage.

The opinion in the original case was filed by this court April 14, 1919, and the decree in the lower court was entered

shortly thereafter. Apparently Krittenbrink lost faith in his title, and disclaimed further interest or title in the land. The $6,000 or third mortgage on the real estate in question was assigned by the mortgagee bank to one Gund who instituted suit to foreclose. During the pendency of this suit Zellmer purchased and took an assignment of the mortgage from Gund and the foreclosure action was dismissed.

On February 29, 1916 an assignment of the second mortgage of $1,500 was made by the mortgagee McManus to Viola A. Knox and said assignment was recorded March 2, 1916. On March 30, 1916 the assignee filed her petition in foreclosure on said mortgage and the following parties were made defendants; George F. Krittenbrink and wife, William Malone and wife, Winfield S. Marr and wife, The Omaha National Bank, Edward Malone and wife, and S. Lincoln Rutt, referee. On September 8, 1916 judgment and decree was entered in plaintiff's favor foreclosing the mortgage against the entire parcel of real estate in controversy, and on October 9, 1916 the premises were sold at sheriff's sale to Viola A. Knox and sheriff's certificate was duly issued to her.

On October 8, 1917, and on the last day prior to the expiration of the year of redemption, Krittenbrink paid into the clerk's office the necessary amount to redeem, and a redemption certificate was issued on said date to Krittenbrink. The moneys so paid were in fact the moneys of defendant Zellmer, and he advanced same to Krittenbrink to make said redemption.

Under these circumstances the trial court by decree determined: (1) That plaintiff.Berry is entitled to an undivided one-half interest in the land subject only to the first mortgage in the sum of $4,500 on the entire parcel, and is further entitled to one half of the rents and profits of the entire tract now in the control and custody of the referee nominated by the court to make the partition, and is also relieved from the payment of costs of this action, and that costs of the first action constitute a lien on the other undivided one-half interest; (2) that Krittenbrink has no interest and claims no interest in the land and default is entered without costs to him; (3) that defendant Zellmer as against defendant and appellant Edward Malone is entitled to enforce the $6,000 mortgage assigned to him against

the undivided one-half interest of Malone in said land subject to all prior liens, and that Zellmer pay one half of the costs; (4) that defendant Edward Malone has a one-half interest in said land subject to nonextinguished pre-existing liens including the $6,000 mortgage assigned to Zellmer, and is entitled to one half of the rents and profits from said lands, and that he pay one half of the costs.

Two major propositions are presented on this appeal: (1) Is Zellmer entitled to a lien in the sum of $6,000 on the undivided one half of the real estate, title to which was decreed to be in the defendant Edward Malone? (2) Is Zellmer entitled to be reimbursed for the money advanced by him to Krittenbrink to cancel the Knox foreclosure?

Winfield S. Marr is not a party to the instant action and was not called as a witness. No fraud is pleaded and no claim is made by Malone that any fraud was practiced on him. Defendant Zellmer is not concerned with the title which the court decreed to be in the defendant Malone by reason of Krittenbrink's default. He is concerned with the claimed lien under the third mortgage and also with the right of subrogation, having furnished the redemption money to cancel the foreclosure of the second mortgage.

1. Is Zellmer entitled to a lien in the sum of $6,000 on the undivided one half of the real estate, title to which was decreed to be in the defendant Edward Malone? This third mortgage was on record when the contract of sale was

2. SUBROGATION: aiding landowner to redeem from foreclosure.

entered into between the then owner Marr and the vendee Malone. This constituted constructive notice to Malone. Zellmer paid $1,950 in cash for the assignment to him by Gund who had purchased the mortgage and note from the original mortgagee. Malone did not assume or agree to pay this mortgage, but the form of his agreement was such that the land stood subject to the payment of the mortgage and necessarily Malone took his deed subject thereto. The lien of this mortgage has not been extinguished, and Malone is in no position to insist that the land is not subject to the payment of this lien. The record is not clear as to the circumstances surrounding the transaction between Zellmer and Gund or between Gund and Marr the original mortgagor. The

fact stands, however, that Zellmer is the owner of this $6,000 third mortgage and it is shown that arrangements were made between the interested parties for an assignment of the mortgage upon the payment in cash by Zellmer of $1,950 to Gund and the satisfaction of other debts between the parties. See, *Crosby v. Tanner*, 40 Iowa 136; *Fuller & Co. v. Hunt*, 48 Iowa 163; *Blake v. Koons*, 71 Iowa 356; *Foy v. Armstrong*, 113 Iowa 629; *Freeman v. Auld*, 44 N. Y. 50.

The trial court correctly ruled this proposition.

2. Is Zellmer entitled in a court of equity to be subrogated to the rights of the lien holder or to be reimbursed for the money furnished to Krittenbrink to redeem from the Knox foreclosure sale?

Zellmer was a junior lien holder. His statutory right to redeem was foreclosed. It is quite apparent that Krittenbrink made the redemption and not Zellmer. This is in legal effect the payment of the mortgage by the owner of the lands. Under the terms of the original contract and the deed as interpreted by this court both Krittenbrink and Berry were jointly liable for the payment of the second mortgage, but this matter does not concern Zellmer and is not involved on this appeal. Zellmer's right to redeem was confined to the statutory period between six and nine months from the date of sale October 9, 1916. It is not claimed by Zellmer that he made a statutory redemption. He had no redemption interest in the land at the time that Krittenbrink made the redemption and he may not do indirectly what he was not privileged to do directly. The fact that he furnished the money to Krittenbrink would not give him a hidden equity that would rise any higher than that of Krittenbrink, even though it would operate to the benefit of other lien holders. A discharge of a prior lien by the primary debtor necessarily operates to the benefit of other subsequent lien holders, and this is true regardless of the source of the funds used by the debtor in effecting such discharge. Had Zellmer purchased Krittenbrink's interest and then redeemed, or had Zellmer taken by assignment the certificate of sale from Mrs. Knox a different situation would be presented. Zellmer may not now claim that he furnished the money to Krittenbrink to protect his interest in the land for his right to redeem at that time was lost. He

paid at his peril. It was not a loan. He acted under the mistaken belief that he would be protected and that he would be subrogated to the rights of the then lien holder. Mrs. Knox was not in privity with Zellmer and the mortgage debt having been paid the mortgage was extinguished. It may be said in passing, if no redemption had been made, Zellmer's interest in the third mortgage would also have been lost as the issuance of the sheriff's deed would have forever foreclosed all junior incumbrancers. Zellmer as the assignee of an unrecorded assignment, and not having been made a party to the foreclosure suit, had no statutory right of redemption from sale except within the statutory period. Krittenbrink had the right to redeem and he did redeem. A person who is entitled to redeem under the law and fails to do so cannot be heard to say after the period of redemption has expired that his protection requires that he advance the money, and by so doing is entitled to be subrogated to the rights of the creditor, the holder of the lien so discharged. As bearing upon the proposition involved see, *Kent v. Bailey,* 181 Iowa 489; *Gans v. Thieme,* 93 N. Y. 225; *Reel v. Wilson,* 64 Iowa 13.

The decree entered by the trial court is correct and is therefore—*Affirmed.*

STEVENS, C. J., EVANS, ARTHUR, and FAVILLE, JJ., concur.

WEAVER and PRESTON, JJ., dissent as to Division 2 of the opinion.

WEAVER, J. (dissenting). I dissent from so much of the majority opinion as holds that the appellant Zellmer is not entitled to reimbursement for moneys advanced by him to Krittenbrink to redeem the land from the Knox foreclosure. Krittenbrink was then an owner of the land, and as such was the only person entitled to make a statutory redemption. It may be conceded that, for reasons not necessary to discuss, he thought there was no profit or advantage in exercising such right, and was about to allow the year to expire, and to permit Mrs. Knox to take a sheriff's deed. It may also be conceded that the right of Zellmer to redeem as a lien holder had fully expired. It may be still further conceded that, at this juncture, Zellmer arranged with Krittenbrink to exercise the unquestioned right of the

latter to make the redemption, and furnished him the money with which to do it, under some agreement by which Zellmer should reap the benefit of the transaction. What of it? Who is wronged by the deal? Up to the last hour of the last day of the statutory year of grace, it was the absolute right of Krittenbrink to redeem; and when he produced, tendered, and paid the money necessary for that purpose, neither the holder of the certificate of sale nor the officer to whom it was paid nor any other person could rightfully demand to be informed where or from whom he procured the funds, nor object that he intended to sell or assign or give away to another the benefits, if any, of the redemption he was making. The right to redeem was his, and his alone. It was not subject to any lien or equity held by any other person, and his control over it within the year of redemption was as absolute, perfect, and unhampered as was his property right in the coat upon his back. Zellmer was no longer a lien holder, for his right of redemption had expired; but there was no rule or principle of law or equity denying him the right to deal with and induce Krittenbrink to exercise *his* admitted right of redemption, upon his (Zellmer's) agreement to take the deal off Krittenbrink's hands, when made, or upon his promise to furnish the redemption money required. To say, as the opinion suggests, that Zellmer's right of redemption had expired, and that he could not thereafter accomplish indirectly through Krittenbrink what he could not do directly, is wholly beside the mark. Zellmer did not redeem. Krittenbrink redeemed, as he lawfully might; and if, lacking faith in the desirability of such redemption, he gave or sold the benefits or supposed benefits of the deal to Zellmer, I again ask, What of it? It was the right of any third person who thought there was a profit in the redemption to make just such a bargain with Krittenbrink, and Zellmer's right so to do cannot be rightfully denied. The declaration in the opinion that, had Zellmer purchased from Krittenbrink and then redeemed, or had he taken an assignment of the certificate from Mrs. Knox, the court could grant him the protection he asks, is a concession illuminating the fatal weakness of the conclusion from which I dissent. The agreement by Krittenbrink to use the money received from Zellmer in redeeming the land from sheriff's sale, and to give or assign

to Zellmer the benefits of such deal, bound him, in equity and good conscience, to transfer the redeemed property to Zellmer, or to hold the same in trust for the latter's use. This equity should have had recognition in the partition proceedings. The court will consider that done which ought to have been done; or, if the circumstances indicate such need, will compel that to be done which due regard to equity and good conscience demands. In all other respects, I concur in the majority opinion.

PRESTON, J., joins in the dissent.