## ANN CRONIN vs. CITY OF BOSTON.

Suffolk.    March 13. — May 4, 1883.

A notice to a city, under the St. of 1877, c. 234, § 3, given eight days after an injury, stated that, on a day named, "while walking on H. Street between C. and F. Streets, on the southerly side of said street, the sidewalk was so rough, hobbly and slippery" that a person fell on the sidewalk and was injured. In an action by such person, the evidence showed that the accident happened in one of the winter months; that the defect consisted of an accumulation of ice on the sidewalk in front of a certain number on H. Street, which number was the fifth door from F. Street; that the distance between the two nearest corners of F. Street and C. Street was one hundred and eighty feet, and there were fifteen doorways between those streets; and that there were no cross streets or passageways leading from H. Street between C. Street and F. Street. *Held*, that the notice sufficiently designated the time, but not the place and cause of the injury, within the statute.

TORT for personal injuries received by the plaintiff on February 8, 1881, by reason of an alleged defect in the sidewalk of Hanover Street, a public highway in Boston. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows :

The defect consisted of an accumulation of ice on the sidewalk in front of 371 Hanover Street, said number being the number on the fifth door from Fleet Street. A written notice, dated February 16, 1881, and signed by the plaintiff, was given to the defendant within thirty days after the accident, as follows : " To the City of Boston : You are hereby notified that on the eighth day of February, 1881, while in the use of due care, and walking on Hanover Street between Clark and Fleet Streets, on the southerly side of said street, the sidewalk was so rough, hobbly and slippery that, with the utmost care I could use in walking over said sidewalk, I went down and broke my arm."

It appeared in evidence that Hanover Street is a much frequented thoroughfare, and the distance between the two nearest corners of Fleet Street and Clark Street is between one hundred and seventy-nine and one hundred and eighty feet; and that there are fifteen doorways between said streets, and the numbers run from 365 to 385. There are no cross streets or passageways leading from Hanover Street between Clark Street and Fleet Street. The defendant contended that said notice was

insufficient, and not in conformity with the statute, in that it did not sufficiently designate either the time, place or cause of the accident; and asked the judge to rule that the notice was insufficient, and that the plaintiff could not maintain her action. But the judge refused so to rule. The defendant introduced evidence tending to show that it was misled by the notice; that neither by searching the locality nor by inquiry of the plaintiff could it ascertain the locality of the alleged defect, and that it was ignorant of the place of the accident until the plaintiff testified; but the judge ruled that the question of the sufficiency of the notice was a question entirely for the court, and that the notice was sufficient.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. M. Babson*, for the defendant.

*N. L. Graffam*, for the plaintiff.

FIELD, J. The St. of 1877, *c.* 234, § 3, required notice to be given "of the time, place and cause of the said injury or damage." In the notice given in this case the time was sufficiently described. *Donnelly* v. *Fall River*, 132 Mass. 299. *Savory* v. *Haverhill*, 132 Mass. 324. The cause alleged in the notice is that the sidewalk was "rough, hobbly and slippery." It appears by the exceptions that "the defect consisted of an accumulation of ice on the sidewalk in front of 371 Hanover Street." There is no mention of ice in the notice. Unless, then, it is a reasonable construction of the notice, under the circumstances in which it was given, that there was a rough, hobbly and slippery accumulation of ice upon the sidewalk, the notice does not state the actual cause of the injury. It does not appear that there was any defect in the construction, or in the condition of the sidewalk itself. The defect was that ice had been permitted to accumulate upon it.

But if a reasonable construction of the notice, taken in connection with the fact that it was given in February, and described an accident happening in February, be that the sidewalk was rough, hobbly and slippery with ice, then we think the place is not described with sufficient accuracy. It is a matter of common knowledge that sidewalks in the month of February are often more or less rough, hobbly and slippery with snow or

ice, and it is only on this ground, if at all, that the notice can be held to describe a defect from ice. But, because sidewalks are often rough, hobbly and slippery with snow or ice in winter, it is important that the notice of any defect from snow or ice which causes damage or injury should describe it with great particularity. " The notice must, to be sufficient, be so reasonably specific as to time, place and cause, as to be of substantial assistance to the proper authorities in investigating the question of their liability." *Noonan* v. *Lawrence*, 130 Mass. 161.

The nature of the defect may often be such that great particularity in describing the place becomes unnecessary. When the defect is permanent, visible, and the only one of its kind between two points in a sidewalk, then an examination of the sidewalk between those two points would disclose it. . *Lowe* v. *Clinton*, 133 Mass. 526. But accumulations of ice, even from natural causes, are often found in many places in sidewalks in winter, and they are necessarily subject to frequent and rapid changes. The statute indeed permits the notice to be given at any time within thirty days after the injury, and during that length of time there is little probability that the condition of ice upon a sidewalk would remain unchanged. The notice ought, however, if reasonably possible, to be specific enough to enable the authorities of the city to obtain some information in regard to the condition, at the time the accident happened, of the particular place in the sidewalk complained of. In the case at bar, the place was on Hanover Street, in Boston, between Clark and Fleet Streets, which is found to be one hundred and seventy-nine or one hundred and eighty feet long, on which were fifteen doorways, the numbers running from 365 to 385. This shows that a more particular description of the place could have been given; and the description of the cause is so general that it does not cure the generality in the description of the place. To give notice, eight days after an injury, that the plaintiff was injured at a place in the sidewalk of a city one hundred and eighty feet long, which was rough, hobbly and slippery from ice, would probably give little or no information to the authorities of a city by which they could investigate the question of liability. In *Spellman* v. *Chicopee*, 131 Mass. 443, the ice was described in the notice as "in front of the store" occupied by a person named.

A majority of the court is of opinion that the notice in this case is not sufficiently specific as to the place and cause of the injury.                                                 *Exceptions sustained.*