HUNTER v. VILLAGE OF DURAND.

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—VERIFICATION OF CLAIM—WAIVER.

Failure of plaintiff to verify a claim, presented to a village council for injuries due to a defective sidewalk, was waived where the village council, without objection to the lack of verification, referred it to an investigation committee, who subjected the plaintiff to a painful physical examination.

2. PLEADING—PERFORMANCE—WAIVER.

Under a declaration alleging performance of a statutory requirement that a claim against a village shall be verified, evidence of waiver is admissible.

3. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—SIDEWALKS—CONTRIBUTORY NEGLIGENCE.

Where plaintiff testified that he knew of a defect in a sidewalk several weeks before he was injured thereon, and that

he knew repairs had been recently made in the vicinity, defendant's motion for a directed verdict, on the ground that plaintiff's negligence contributed to the injury, was properly denied, as the jury might find that plaintiff had a right to believe, and did believe, that the defect had been remedied.

4. SAME—CONTRIBUTORY NEGLIGENCE—ORDINARY CARE.
   A request, in an action for personal injuries, which implies an obligation on plaintiff's part to exercise more than ordinary diligence, is properly refused.

5. SAME—DEFECTIVE SIDEWALK—NOTICE—NEGLIGENCE.
   Evidence that an unsafe hole in a sidewalk has been in existence for two or three months, and that it was obvious to persons passing over it, justifies the jury in finding that the municipality was negligent.

6. TRIAL—REQUESTS TO CHARGE—IMPROPER ASSUMPTIONS.
   Requests to charge, which assume disputed facts or the existence of evidence not in the record, are properly refused.

7. APPEAL AND ERROR—THEORY URGED BELOW.
   Where defendant contends for his theory on an unfounded assumption as to the evidence, it is not error for the court to fail to perceive that the same theory was sound on a proper assumption.

8. TRIAL—INSTRUCTIONS—DAMAGES—AGGRAVATION OF INJURY.
   Where, in an action for personal injuries, the court gave defendant's request that plaintiff could not recover for the aggravation of an existing disease, it was not error to add, as a reason for the ruling, that no such claim was made in the declaration.

9. DAMAGES—PERSONAL INJURIES—AGGRAVATION OF DISEASE.
   The fact that plaintiff was suffering from disease, at the time of an injury, will not prevent a recovery for pains and injuries caused solely by the accident, although he was more susceptible to suffering because of other ailments.

10. INTOXICATION—EVIDENCE—EFFECT ON INJURIES.
    In an action for personal injuries, it was proper to exclude evidence of habitual intoxication of the plaintiff, offered on the ground that it would account for his physical ailments, until it was shown that such intoxication could have some effect in producing the injuries for which suit was brought.

Error to Shiawassee; Smith, J.   Submitted April 13, 1904.   (Docket No. 55.)   Decided June 25, 1904.

Case by James Hunter against the village of Durand for personal injuries.    There was judgment for plaintiff, and defendant brings error.    Affirmed.

*Byron P. Hicks* (*Albert L. Chandler*, of counsel), for appellant.

*Rowland M. Connor*, for appellee.

CARPENTER, J.    On the evening of October 30, 1898, plaintiff claims that he received injuries by a fall on a defective sidewalk in defendant village.    He brought this suit to recover compensation, and secured a verdict and judgment in the court below.    Defendant asks us to reverse that judgment for various reasons.

1. It is contended that a verdict should have been directed for defendant because plaintiff did not give the notice required by sections 2754, 2775, 1 Comp. Laws. Plaintiff did on the 28th of November, 1898, give the defendant a notice which in all respects complied with the law, except that it was not verified, as this court has held, in *Griswold* v. *City of Ludington*, 116 Mich. 401 (74 N. W. 663), it should be.    The question arises whether the evidence does not prove that defendant waived this lack of verification.    When the notice was received, none of defendant's officials objected to the lack of verification, and its common council appointed an investigation committee, empowered "to incur such expenses in such investigation of the injuries sustained by said Hunter as they may think proper;" and on the following day, November 29th, expert physicians employed by said committee subjected plaintiff to a very painful physical examination.    We are bound to say that this constituted a waiver of the want of verification.    See *Lindley* v. *City of Detroit*, 131 Mich. 8 (90 N. W. 665); *Holtham* v. *City of Detroit*, 135 Mich. 17 (98 N. W. 754).    Under these views, the circuit judge might very properly have instructed the jury to find that the undisputed facts proved a waiver.    It is therefore unnecessary to determine whether

he erred in admitting testimony or in charging the jury respecting that question.

Neither can we accede to the legal proposition that evidence of waiver is inadmissible under a declaration alleging performance. *Dean* v. *Crall*, 98 Mich. 591 (57 N. W. 813, 39 Am. St. Rep. 571); *Levy* v. *Insurance Co.*, 10 W. Va. 560 (27 Am. Rep. 598); *West Rockingham Mut. Fire-Ins. Co.* v. *Sheets*, 26 Grat. 854.

2. It is contended that the court should have directed a verdict for the defendant on the ground that plaintiff was guilty of contributory negligence. This contention is based upon the fact that it appears by plaintiff's testimony that he knew of the existence of this defect several weeks before his injury. We cannot assume from this testimony that plaintiff believed at the time of his injury that this defect continued to exist. Indeed, we are bound to assume from his testimony that he believed it did not. He knew that repairs had recently been made in its vicinity, and the jury were clearly warranted by his testimony in finding that he had a right to believe, and did believe, this defect to have been remedied. Under the decisions of this court, the question of plaintiff's negligence was one for the jury. *Whoram* v. *Township of Argentine*, 112 Mich. 20 (70 N. W. 341); *Urtel* v. *City of Flint*, 122 Mich. 65 (80 N. W. 991); *Dundas* v. *City of Lansing*, 75 Mich. 499 (42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457); *McEvoy* v. *City of Sault Ste. Marie*, 136 Mich. 172 (98 N. W. 1006); and *Belyea* v. *City of Port Huron*, 136 Mich. 504 (99 N. W. 740).

In this connection we will notice certain assignments of error respecting the charge of the court on the subject of contributory negligence. The court denied defendant's request that "if plaintiff was guilty of any act, or the omission of any act, which in itself was negligence, and contributed to the injury received, it would make no difference how slight the negligence may be, if it contributed to the result, it defeats recovery."

In *Benedict* v. *City of Port Huron*, 124 Mich., at pages 605, 606 (83 N. W. 616), this court refused to reverse a judgment where the trial judge used the above language, saying:

"The language quoted from the charge might, under some authorities, be objectionable if standing alone; but, in connection with the remainder of the charge, it is clear that want of ordinary care was made the test of contributory negligence."

It is thus made clear that the request under consideration is not legally exact. It implies an obligation on plaintiff's part to exercise more than ordinary diligence. There was no error in denying this request, and in charging the jury as the trial court did:

"The plaintiff will not yet be entitled to recover unless he has shown to you by a preponderance of the evidence that his own negligence did not contribute to his injury. If the plaintiff herein, by the exercise of reasonable and ordinary care, under the circumstances, might have avoided the consequences of defendant's negligence, but did not, he cannot recover."

Defendant preferred other requests on the subject of contributory negligence, which the court properly refused. These requests either improperly assumed that plaintiff's eyesight was defective, or that he had knowledge of the existence of the defect at the time of his injury, or they were opposed to the principle heretofore stated that the circumstance that the plaintiff supposed the walk to have been repaired made the question of his negligence one for the jury.

3. Defendant claims that there was no evidence of negligence which justified the submission of the case to the jury. There was evidence that this hole had been in existence for two or three months, and that it was obvious to passers-by. This evidence clearly justified the jury in finding that the existence of the hole was generally known, and that defendant was negligent. See the decision of *Pearl* v. *Township of Benton*, 136 Mich. 697 (100 N. W. 188).

The charge respecting defendant's negligence was a clear and correct statement of the law. It was not inconsistent with our decision in *Thomas* v. *City of Flint*, 123 Mich. 10 (81 N. W. 936, 47 L. R. A. 499). There it was held that a municipality was not liable because it was negligently ignorant of a latent defect. The defect complained of in this case was not a latent one. It was a patent and obvious one.

Defendant complains because the court refused to give certain of its requests bearing on its claim that it was not guilty of negligence. One of these requests improperly assumed that there was evidence that defendant had no notice of the existence of this defect until the morning of plaintiff's injury. This request was properly refused.

The court refused to give this request preferred by defendant:

" If you believe from the testimony that Edward Barrett repaired the sidewalk in front of lot 1 of block 16 of the Durand Land Company's Second Addition to the village of Durand on the 25th day of October, 1898, and put the same in a condition reasonably safe and convenient for public travel thereon, and that it was subsequently broken down at the place where plaintiff claims to have fallen, I charge you, as a matter of law, there being no evidence of actual notice in this case to defendant, that the time was too short for the law to presume notice from the lapse of time, and therefore plaintiff cannot recover."

This request is based upon the assumption that there was testimony that Barrett put the walk in question in a condition reasonably safe and convenient for travel on the 25th of October, 1898. There was no such testimony. The testimony referred to indicated that Barrett did not repair this walk; that he did nothing to it; that he did repair a walk 75 or 100 feet distant, and noticed that this walk was not out of repair. It is possible that this testimony would have justified a finding that the walk in question was broken down between October 25th and October 30th, and perhaps, under such a finding, the rule of law is as stated in the request. But we decline to consider

these questions. They are not presented by this record. Defendant's counsel saw fit to contend for this theory upon an unfounded assumption. We cannot hold that it was erroneous for the court to fail to perceive that the same theory was sound on a proper assumption. It may not be improper in this connection to say that it is doubtful if the defendant was prejudiced by the failure of the court to submit the case to the jury on this theory. It is morally certain that the verdict of the jury was rendered upon the ground that the defect in the walk had existed for a long time before plaintiff's injury.

4. The court charged the jury, as requested by defendant, that if, by reason of the accident, an existing disease was aggravated, plaintiff could not recover therefor. Complaint is made because the court added to this charge, "Because no such claim is made by plaintiff in his declaration." We do not think this remark improper. It was a correct statement of the ground upon which the request was preferred and given. We can understand why a trial court should desire that a jury should understand the reason for what otherwise might appear to be a doubtful ruling.

Neither was it improper for the court to add to defendant's request under consideration:

" The fact that plaintiff, at the time he claims to have received the injury in question, was suffering from other ailments or disease, will not alone prevent a recovery by plaintiff for the pains and suffering and other injuries caused solely by and resulting from the accident, although he was more susceptible to suffering because of other ailments or disease."

5. Defendant complains because he was not permitted to show that plaintiff was in the habit of getting intoxicated. It is his claim that this evidence, if admitted, would have accounted for many physical ailments which plaintiff now claims resulted from his injury. There was no testimony in the case to indicate that the use of intoxicating liquors could have any effect in producing those

injuries, and, when the testimony under consideration was objected to, the court said:

"Until you have shown  *  *  *  that the question of intoxication cuts some figure on the injury that it is claimed occurred October 30, 1898, I sustain the objection."

This ruling was correct, and indicated the proper course to be pursued if defendant wished to introduce the testimony in question.

We do not think that defendant's brief points out any reversible error, nor do we think that any of the other errors relied upon demand discussion.

The judgment is affirmed.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.