NEVALA *v.* CITY OF IRONWOOD.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — NOTICE — WAIVER—ESTOPPEL.

A city council, by disallowing a wife's claim for personal injuries on notice given by the husband, is barred, in an action by the wife, from asserting want of notice.[1]

[1]Municipal Corporations, 28 Cyc. p. 1452.
On validity of requirement of notice of injury as a condition of municipal liability, see note 6 L. R. A. (N. S.) 1136.
On mental anguish as an element of damages for personal injuries to pregnant woman, see notes in 17 L. R. A. (N. S.) 594; L. R. A. 1917E, 1049.

2. SAME—WHEN CITY ENTITLED TO NOTICE.

When the dangerous condition of a sidewalk is occasioned by persons other than agents of the city, or by action of the elements or deterioration, liability of the city does not attach until notice thereof and reasonable opportunity to repair has been afforded, but where said condition is caused by agents of the city in prosecution of their employment, no notice is necessary, liability in such case being based not upon notice and failure to repair, but upon the creation of a dangerous condition by the city.[2]

3. SAME—CITY LIABLE WHERE HOLES LEFT IN SNOW ON SIDEWALK CAUSED PERSONAL INJURIES.

If holes several inches deep were punched by horses' hoofs through snow left on the sidewalk after the passage of a snow plow operated by city employees, the city is liable to a pedestrian who stepped into one of such holes and broke her leg.[3]

4. DAMAGES—PAIN AND SUFFERING—MERE FEAR NOT TO BE CONSIDERED IN AWARDING DAMAGES.

If pains of childbirth were enhanced in consequence of a broken leg received by plaintiff through the negligence of a city, she would be entitled to recover therefor, but mere fear of a miscarriage and possibility of deformity of the child, which did not materialize, should not be considered in awarding damages.[4]

Error to Gogebic; Driscoll (George O.), J.     Submitted August 12, 1925.     (Docket No. 108.)     Decided October 1, 1925.     Rehearing denied April 6, 1926.

Case by Senja Nevala against the city of Ironwood for personal injuries.     Judgment for plaintiff.     Defendant brings error.     Reversed.

*William G. Cloon* (*Charles M. Humphrey,* of counsel), for appellant.

*Jones & Patek,* for appellee.

WIEST, J.     The last of February, 1922, there was a heavy fall of snow in the city of Ironwood, followed

[2]Municipal Corporations, 28 Cyc. pp. 1384, 1387; [3]Id., 28 Cyc. p. 1375 (Anno); [4]Damages, 17 C. J. §§ 161, 150.

by zero weather.    On Pine street pedestrians made a foot path over the snow covered sidewalk, packing the snow where they walked.    On March 1st the city snow plow, drawn by two horses, driven tandem, passed over the walk and in places, where the plow did not go down to the walk, the hoofs of the horses broke through the snow where it had been so packed by pedestrians, leaving holes from six inches to a foot in depth.    The evening of March 2d, plaintiff, while passing over the walk, stepped into one of such holes and broke her left leg.    She brought this suit to recover damages, claiming the city was negligent in leaving the holes in the walk and had verdict and judgment.    Defendant is here by writ of error, insisting it is not liable and alleging error in rulings and in instructions given the jury.

Twelve days after the accident the husband of plaintiff sent the following communication to the city council:

"Take notice that on the 2nd day of March, A. D. 1922, my wife, Senja Nevala, sustained an injury to her left leg, resulting in the fracture of two bones in the leg.    The injury took place about 9 p. m. of the above date at a point about 450 feet north of the intersection of Lin street and Pine street, on Pine street, at a point on said Pine street nearby opposite to the building numbered 445 E. Pine street and owned by Mr. Paul Wilson.    My wife was returning from the bath house owned by Mr. Setula, about the time mentioned, and stepped in a hole in the snow on sidewalk along which she was walking, said holes being caused by horses which had dragged a snow plow over the walk, and which holes the city had subsequently failed to fill in.    The lighting facilities at the point of accident are also very poor.    Numerous complaints have been made concerning the lights and the condition of the walk previous to time of accident. My wife is now receiving medical attention for said fractures from Dr. A. H. Anderson of this city.

"Due to the fact that the accident occurred due to the failure of the city to repair defects in walk which

were caused by itself, I trust that you will examine the facts herein alleged and compensate me for damages that we will incur by virtue of this accident.

"I hereby make this claim for damages and trust that you will give it your earnest consideration.

"Dated at Ironwood, Michigan, this 14th day of March, A. D. 1922."

This communication was referred to a committee to investigate and report.   The committee reported:

"We, your committee to whom was referred the claim of Mrs. Nevala for injuries sustained by her on Pine street, beg leave to report that we have given the same our consideration and feel ourselves constrained to report the disallowance of the claim."

The council adopted the recommendation. We are asked to hold that the notice given by plaintiff's husband was not a notice given by her, for, if the city is liable, he has a cause of action for the loss of the services of his wife, and, therefore, the notice was not indicative of her claim and, besides, his authority to make claim in behalf of plaintiff does not appear in the notice. The notice is also said to be deficient in not naming the place of the accident, the nature of the defect claimed and the names of witnesses known to plaintiff. We hold that the notice acted upon by the council, by reference to a committee, with report by the committee and rejection of the claim, bars the city from now asserting want of notice. The council disallowed plaintiff's claim. Had disallowance been made without any formal notice such action would have waived notice and the same result follows the action disallowing the claim even though the notice upon which final official action was planted was technically defective. The defendant is in no position to assert want of legal notice, for it assumed the right to and did disallow plaintiff's claim upon the notice given. See *Lindley* v. *City of Detroit*, 131 Mich. 8, and cases there cited; *Brown* v. *City of Owosso*, 126

Mich. 91; *Foster* v. *Village of Bellaire*, 127 Mich. 13. Counsel for defendant contend that the cases mentioned do not apply to this case, because the husband gave the notice. It is sufficient answer to this to point to the action of the city council in disallowing the claim of plaintiff.

The following cases, cited by counsel for defendant, do not apply. In *Blumrich* v. *Village of Highland Park*, 131 Mich. 209, the claim was presented orally to the council by the son of the plaintiff and no official action taken by the council. Waiver in the case at bar rests upon action taken and not upon failure to act. In *Ridgeway* v. *City of Escanaba*, 154 Mich. 68, and *Chamberlain* v. *City of Saginaw*, 135 Mich. 61, no official action was taken by the council. In *Moulthrop* v. *City of Detroit*, 218 Mich. 464, the question of waiver, arising out of rejection of the claim, was not involved.

It is claimed, "Defendant did not have actual or constructive notice of the alleged condition of the walk in sufficient time to repair the same." When the dangerous condition of a sidewalk is occasioned by persons, other than agents of the city, or by action of the elements or deterioration, liability does not attach until notice thereof comes to the city, or knowledge thereof would have come had reasonable care been exercised, and opportunity to repair has been afforded. The basis of such an action is negligence arising out of the failure to repair the defect after notice thereof. When, however, the dangerous condition is caused by agents of the city, in the prosecution of their employment, the rule of liability is not based on notice and failure to repair but upon the creation of a dangerous condition by the city. If holes several inches deep were punched by the horses' hoofs through the snow left on the walk after the passage of the snow plow, and plaintiff stepped into

one of such holes and broke her leg, defendant is liable to respond in damages.

At the time of the accident plaintiff was pregnant with child, and she claims she suffered fear of miscarriage, worried over the possibility that the child might be deformed by the injury she received, and that the labor of childbirth was prolonged and rendered more difficult by her inability to move the broken leg. The declaration averred pregnancy of plaintiff but made no mention of such claimed mental anguish, and the claim made to the council did not set up any such element. There was no miscarriage and no deformity occasioned the child by the injuries to plaintiff.

At the trial defendant asked for the exclusion of this element of pain and suffering. The court admitted the testimony and instructed the jury with respect thereto, as follows:

"She would not be entitled to recover for any pain or suffering, of course, which the injuries here complained of did not in whole or in part occasion, for instance, the ordinary pains of childbirth. But if the ordinary pains of childbirth were enhanced in consequence of the injuries, or if she suffered mentally for fear of a miscarriage or otherwise, as she says she did, those would be matters that you might take into consideration and allow her for in the assessment of damages."

If the pains of childbirth were enhanced in consequence of the injuries this would constitute a proper subject of compensation. Plaintiff's apprehension of miscarriage or possibility of deformity of the child she was carrying at the time of the accident was not a subject for consideration of the jury in awarding compensation.

In *McGee* v. *Van Over*, 148 Ky. 737 (147 S. W. 742, Ann. Cas. 1913E, 500), plaintiff therein claimed that an assault upon her by defendant led to her hav-

232—Mich.—21.

ing a miscarriage and consequent grief over the loss of offspring.    It was held no recovery could be had for such grief.    If grief over actual loss of offspring is too delicate a subject to be weighed by any scales the law has at its command, surely mere apprehensions, proven by time to have been borrowed trouble, are outside the realm of pecuniary compensation.

For this error the judgment is reversed and a new trial granted, with costs to defendant.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.