## DRAPER v. VILLAGE OF SPRINGWELLS.

1. MUNICIPAL CORPORATIONS — PLEADING — DECLARATION SHOULD ALLEGE COMPLIANCE WITH CHARTER REQUIREMENTS.

   In an action against a village for personal injuries alleged to have been caused by a defective sidewalk, the declaration should allege compliance with the charter provisions requiring notice of the accident and itemization and verification of the claims or waiver thereof by the village.[1]

2. APPEAL AND ERROR—DECLARATION AMENDED IN SUPREME COURT TO PREVENT MISTRIAL.

   In view of the fact that failure to allege in the declaration compliance with charter requirements as to notice of accident and itemization and verification of claim or its waiver is amendable, under the broad power of the statute of amendments an amendment will be permitted in the Supreme Court to prevent a mistrial and so sustain the judgment.[2]

3. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NOTICE OF INJURY—SUFFICIENCY.

   Notice of an accident resulting in injury to plaintiff, caused by a defective sidewalk, given to the village by her husband, in about two weeks, was sufficient, although her claim was not itemized or verified as required by the charter, where her physician later furnished the village a more detailed statement of her injuries, and the council and village attorney fully investigated her claim at a meeting which she and her husband attended.[3]

4. SAME—DENIAL OF LIABILITY WAIVED FURNISHING OF ITEMIZED AND VERIFIED CLAIM.

   Denial by the village council of liability for plaintiff's injuries, caused by a defective sidewalk, on the sole ground that she was guilty of contributory negligence, made within the time when she could have filed a technically perfect claim, waived the filing of such claim.[4]

[1]Municipal Corporations, 28 Cyc. p. 1470; [2]Appeal and Error, 4 C. J. § 2640; Municipal Corporations, 28 Cyc. p. 1473; [3]Id., 28 Cyc. p. 1455; [4]Id., 28 Cyc. pp. 1452, 1453.

5. SAME—EVIDENCE—PAROL TESTIMONY OF COUNCIL MEETING ADMISSIBLE ON FAILURE OF CLERK TO RECORD PROCEEDINGS.

Parol testimony that plaintiff presented her claim for injuries caused by a defective sidewalk at a meeting attended by the village president, all the members of the council, and the village attorney, and that her claim was rejected on the sole ground that she was guilty of contributory negligence, was admissible in evidence, on the failure of the clerk to officially record the proceedings of said meeting; said testimony not being in conflict with any record of the council.[6]

Error to Wayne; Brennan (Vincent M.), J. Submitted April 6, 1926. (Docket No. 7.) Decided June 7, 1926.

Case by Colon Draper against the village of Springwells for personal injuries caused by a defective sidewalk. Judgment for plaintiff. Defendant brings error. Affirmed.

*John L. Austin* (*J. Richard Newman,* of counsel), for appellant.

*Bresnahan & Groefsema,* for appellee.

FELLOWS, J. The plaintiff produced testimony tending to show that she fell and received injury by reason of a defective sidewalk of defendant village on January 29, 1923. The injury as stated by plaintiff's attending physician consisted of

* * * "a fracture, comminuted, of the head of the radius with a piece of bone separated from the shaft of the bone and head and lying close to the elbow joint. The head of the radius was fractured and the line of fracture ran into the articular surface of the joint."

There was medical testimony that the injury caused plaintiff much pain and suffering and was a permanent one. On February 12th, plaintiff's husband gave

[6]Municipal Corporations, 28 Cyc. p. 1480 (Anno).

notice to the village of plaintiff's claim.    It was not itemized or verified.    Later plaintiff's physician furnished the village a more detailed statement as to plaintiff's injury.    After plaintiff was able to get out she was asked by the president of the village and one of the councilmen to attend a meeting of the council at the municipal building "to talk over the accident."    Accompanied by her husband she went to such meeting.    There was parol testimony that the president and all the members of the council and the village attorney were present; that she was fully examined as to the accident and her injuries; that, after the matter had been fully gone over, the president, members of the council and village attorney retired to another room and after a time returned and informed her that her claim was rejected on the ground of her contributory negligence.    The date of this meeting was not definitely fixed, but the jury would be justified in finding that it occurred within 60 days after the accident.    The official record of the village did not show this meeting but no testimony was introduced contradicting plaintiff's testimony on the subject.    In fact no testimony was offered by defendant save that given by the clerk, who was called for cross-examination under the statute.

The village charter contains the usual provisions for notice of the accident and for itemization and verification of claims against the village.    No doubt the rules of pleading require plaintiff to allege in her declaration compliance with such provisions or their waiver.    *Moulthrop* v. *City of Detroit*, 218 Mich. 464, and authorities there cited.    But the declaration was amendable and in cases too numerous to cite we have held that under the broad power of the statute of amendments we will permit the amendment in this court to prevent a mistrial and so sustain the judgment.    We, therefore, pass to the controlling ques-

tions in the case.    The notice of the accident was sufficient under the authorities.    It did not contain an itemized statement of plaintiff's claim and it was not sworn to nor was an itemized account of plaintiff's claim duly verified filed before suit.    So that we have two questions before us for solution:

(1) Was the filing of such verified itemized statement waived by the denial of liability on other grounds, and

(2) Was parol testimony admissible to show such denial of liability?

1. Plaintiff's testimony, if believed, established a denial of liability by defendant's council on the sole grounds that she was guilty of contributory negligence. In the recent case of *Nevala* v. *City of Ironwood,* 232 Mich. 316, it was said by Mr. Justice WIEST, speaking for the court:

"The council disallowed plaintiff's claim.    Had disallowance been made without any formal notice such. action would have waived notice and the same result follows the action disallowing the claim even though the notice upon which final official action was planted was technically defective.    The defendant is in no position to assert want of legal notice, for it assumed the right to and did disallow plaintiff's claim upon the notice given."

See, also, *Germaine* v. *City of Muskegon,* 105 Mich. 213; *Warner* v. *City of Wyandotte,* 175 Mich. 695; *Haney* v. *Village of Pinckney,* 155 Mich. 656; *Hunter* v. *Village of Durand,* 137 Mich. 53; *Foster* v. *Village of Bellaire,* 127 Mich. 13; *Griswold* v. *City of Ludington,* 116 Mich. 401.    The authorities in this State, and we need not discuss those from other States, establish, we think, that the absolute denial of liability by defendant's council on the sole ground that plaintiff was guilty of contributory negligence made within the time when plaintiff could have filed a technically perfect claim amounts to a waiver of the filing of a

technically perfect claim in all regards complying with the charter provisions.    The trial judge submitted the question of waiver to the jury, carefully protecting defendant's rights and the jury found a waiver.    Defendant was not entitled to a peremptory instruction if the parol testimony was admissible, a question to which we shall now address ourselves.

2. Plaintiff was asked by the president of the village and one of the members of the council to meet with the council to consider her claim against the village; they appointed the time; the place was the municipal building.    When she arrived there all the members of the council, the president, and the village attorney were assembled.    It is true the record does not show whether the meeting was on the regular meeting night of the council or was a special meeting or, if a special meeting, that proper notice of it was given.    But all the members were present and every one having anything to do with plaintiff's claim was there.    All had met for one purpose, *i. e.*, the consideration of plaintiff's claim.    It is difficult to perceive what additional facts plaintiff could be called upon to produce in the absence of a record to establish a meeting of the council.    The failure of the clerk to officially record the proceedings was not chargeable to plaintiff.    The parol testimony was in conflict with no record of the council.    The language of Mr. Justice GRANT in *Wheat* v. *Van Tine,* 149 Mich. 314, is particularly applicable. He there said ·

"The main complaint is that parol testimony of the action of the common council was allowed.    Parol evidence is not admissible to contradict the record of the proceedings of the common council.    It is admissible, however, to show facts omitted therefrom. The failure of a clerk to properly enter such proceedings cannot affect the rights of individuals who have acted upon the faith of the action of the council, in fact duly taken, but not recorded.    *Township of Taymouth* v. *Koehler,* 35 Mich. 22."

In the case cited by Mr. Justice GRANT, it was said:

"It did not appear of record that the board of highway commissioners had authorized Cuthbertson, one of their number, to make the contract under which the iron was furnished, or to superintend the building of the bridge. The township clerk is by statute made the clerk of the board of highway commissioners, and required under their direction to record their proceedings. It has, however, frequently been held that while parol evidence could not be admitted to contradict the record, yet that it might be introduced to show facts omitted to be stated; that the rights of creditors or third persons cannot be prejudiced by the neglect of the clerk to perform his duty in this respect."

See, also, *Haney* v. *Village of Pinckney, supra;* *Township of North Star* v. *Cowdry,* 212 Mich. 7; *School District* v. *Clark,* 90 Mich. 435; *Reynick* v. *Manufacturing Co.,* 179 Mich. 630; and particularly *Griswold* v. *City of Ludington, supra.* It would present an anomalous situation if the rule was otherwise. The clerk by failing, either honestly or otherwise, to keep a record of proceedings of the council could prejudice the rights of every one dealing with the municipality, and every one having or claiming to have acquired rights against the municipality would be at his mercy. Plaintiff was invited by the officers of the village to meet with the council to consider her claim. She did in fact meet with the council and her claim was considered by the council and all its members and liability absolutely denied for a specific reason. If the clerk can, by failing to record such action, defeat her rights thus acquired, there can be little stability in dealings with municipal corporations. We think the rule a sane one, and one which should be followed in the instant case. The parol testimony was properly received.

Upon a motion for a new trial it was insisted that the verdict was excessive and the trial judge concluded that it was excessive to the extent of $1,000. A

remittitur in that amount was filed by the plaintiff. It is insisted that it is still excessive.     But we are not persuaded that it should be further reduced.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.