## Village of Dawson, Appellant, v. Mary Estrop, Appellee.

### Gen. No. 8,021.

1. MUNICIPAL CORPORATIONS—*necessity for notice of personal injury*. In an action against a village for personal injuries due to a defective sidewalk, the specific requirements of Cahill's St. ch. 70, ¶¶ 7 and 8 as to notice of injury are mandatory, and the giving of the notice there required must be proved to avoid dismissal of the case.

2. MUNICIPAL CORPORATIONS—*when notice of personal injuries indefinite in locating accident*. A notice to the city of personal injury which locates the accident as having occurred on a "sidewalk running along and at a point to the east of the property owned by one Fannie Myers" is too vague and indefinite.

3. MUNICIPAL CORPORATIONS—*when notice of personal injuries insufficient*. A notice to city of personal injury that fails to state the injured person's address, the name and address of her physician, the approximate hour of the injury, and which does not definitely locate the place where the accident occurred as required by Cahill's St. ch. 70, ¶¶ 7 and 8, will not support an action to recover for such injuries.

Appeal by plaintiff from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1926. Reversed with finding of facts. Opinion filed February 28, 1927.

GERALD G. GINNAVEN, for appellant.

JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was commenced by the appellee, Mary Estrop, in the circuit court of Sangamon county, against the appellant, the Village of Dawson, to recover damages resulting to her from a personal injury alleged to have been suffered by her on the second day of May, 1924, on account of an alleged defec-

tive condition of a concrete sidewalk on one of the village streets. There was a trial by jury and a verdict finding the appellant guilty, and assessing the appellee's damages at the sum of $900. The trial court rendered judgment on the verdict, and this appeal is prosecuted from the judgment. The appellee made a motion to affirm the judgment on the ground that the appellant's abstracts do not comply with the rules of this court, which we took with the case. It appears, however, that the abstracts are sufficient to meet the specifications of Rule 22, and the motion is therefore denied.

The main question presented on appeal for our consideration and determination pertains to the appellee's right to recover from the appellant for the alleged injuries, because she did not comply with the requirements of the "ACT concerning suits at law for personal injuries against cities, villages and towns," which are as follows: "Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where such accident occurred, and the name and address of the attending physician (if any)." Cahill's St. ch. 70, ¶ 7. Paragraph 3 of the same act provides: "If the notice provided for by section two of this act shall not be filed as provided in said section two, then any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued

for any personal injury shall be forever barred from further suing."

The record discloses the fact that no notice of any kind concerning the alleged personal injury of the appellee was filed in the office of the attorney of the village; or was brought to his attention in any way. There was a statement in writing however given to the clerk of the Village of Dawson, which is in words and figures as follows:

"To the Village Board of Dawson, Illinois:
Claim of Mary Estrop Injuries on the 2nd day of May, A. D. 1924.

"On the above date claimant, Mary Estrop, fell upon the side-walk in the Village of Dawson, by reason of the imperfect and dangerous condition of the said side-walk, running along and at a point to the east of the property owned by one Fannie Myers; that as a result of the fall claimant sustained a fracture of the left shoulder and other injuries.

"The claimant avers that the injury to her left arm is permanent in nature and cannot, she is informed, by physicians, be cured; that the use of the claimant's left arm is lost to her by reason of said injury; that she has expended a large sum of money in and about endeavoring to be cured of the said injury and will in the future be forced to expend large sums of money for medical treatment of the same; that she has suffered great pain since the above date and continues to suffer great pain as the result of the said injury.

"For all of which things claimant herein avers that she is damaged and makes claim to the Village Board of the Village of Dawson, Illinois, in the sum of $2,500.00.

"Respectfully submitted,
"Signed)    Mary Estrop,
"Claimant.

"Dated this 27th day of August, A. D. 1924.
"J. G. Friedmeyer, Attorney for Claimant."

It is apparent that the statement in writing given to the village clerk does not meet the requirements of the statute in several essential particulars. While the statement in writing is signed by the appellee as the person about to' bring an action against the village, and gives the date of the accident, it does not give "about the hour when it occurred," as the statute requires. It does not give the residence of the appellee, the person injured, nor does it give the name and address of the physician who attended her. And with reference to the place or location where the accident occurred, it designates it as having occurred on a "side-walk running along and at a point to the east of the property owned by one Fannie Myers." There is nothing in the notice to indicate where, with reference to the sidewalk, the property of Fannie Myers is situated, nor how far east of her property the point is where the accident occurred. The appellee testified that the accident happened: "On the west side of Church street just south of the Methodist Church. There is a tree standing close by the walk, and a root of the tree runs under the walk, and it raised the cement block, and as near as I know, that is what caused me to fall." It is obvious that the description of the place or location where the accident occurred in the notice is vague and indefinite. "To be legally sufficient, a notice of this kind must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself." *Benson v. City of Madison,* 101 Wis. 312; *Reichert v. City of Chicago,* 169 Ill. App. 493; *Swenson v. City of Aurora,* 196 Ill. App. 83. All of the specific requirements of statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring suit, and to recover damages, and the giving of the notice must be averred and proved by plaintiff to avoid a dismissal of

his suit. *Erford v. City of Peoria*, 229 Ill. 546; *Walters v. City of Ottawa*, 240 Ill. 259; *Langguth v. Village of Glencoe*, 253 Ill. 505; *Ouimette v. City of Chicago*, 242 Ill. 501.

It is evident from the facts referred to and the authorities cited that the appellee's right to recover is barred, and therefore the motion of appellant made at the close of all the evidence, to dismiss appellee's suit, should have been sustained. The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. The court finds from the evidence that the description in the statutory notice to appellant of the location where the accident occurred is not definite, but is vague and uncertain; that about the hour of the accident is not stated; that the place of residence of the appellee (the person injured) is not stated; and that the name and address of the attending physician is not given.