ATKINSON *v.* CITY OF INDIANAPOLIS.

[No. 14,862. Filed January 8, 1936. Rehearing denied March 12, 1936.]

*John E. Sedwick, White & Jones, Q. Austin East* and *Claycomb & Stump,* for appellant.

*Edward H. Knight, James E. Deery* and *Herbert M. Spencer,* for appellee.

KIME, P. J.—This action was brought by the appellant against the city of Indianapolis for damages on account of personal injuries sustained by appellant due to an alleged defective condition of the sidewalk on South Meridian Street in said city. The complaint was in one paragraph which was answered by a general denial. Trial was had by a jury. At the close of all the evidence the court sustained appellee's motion to instruct the jury to find for the appellee. On the verdict in favor of

appellee judgment was rendered that appellant take nothing and pay the costs of the action. Appellant filed a motion for new trial, the grounds of which were that the verdict of the jury was contrary to law; that it was not sustained by sufficient evidence; and that the court erred in giving an instruction to return a verdict for the defendant, all of which raised the same question of law and the only question presented in this case.

As provided by statute §11230, Burns 1926, Acts 1907, page 249, chapter 153, the appellant gave notice to the appellee that she had sustained an injury and had a claim against the city for injuries sustained on the 25th day of October, 1928, 11:30 A. M. "on the west side of the street and in front of number 426 South Meridian Street in said city. The defect consisted in this, a hole in the sidewalk about three inches in diameter and three inches deep . . ." The undisputed evidence shows conclusively that the accident happened in front of 458 South Meridian Street. At the conclusion of all the evidence the motion for a directed verdict was made. The law is well settled in this state beyond any controversy that the notice must so describe the place that unsupplemented and unaided by anything aside from ordinary intelligence the city may be enabled to locate the defect.

We do not believe that the officers of the city, being men of common understanding and intelligence could, from the language of the notice, unaided and unsupplemented by anything else, have found the defect the appellant was attempting to describe. The court did not err in directing a verdict. *City of Ft. Wayne* v. *Bender* (1915), 57 Ind. App. 689, 105 N. E. 949; *City of East Chicago* v. *Gilbert* (1915), 59 Ind.

App. 613, 108 N. E. 29, 109 N. E. 404; *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193.

The judgment of the Morgan Circuit Court is in all things affirmed and it is so ordered.