### CITY OF INDIANAPOLIS v. NEUBAUER.
[No. 16,042. Filed February 27, 1939.]

*Floyd J. Mattice, Michael B. Reddington,* and *John M. Connor,* for appellant.

*Carey & Cox,* and *Charles S. Reed,* for appellee.

STEVENSON, P. J.—This was an action to recover damages for personal injuries sustained by the appellee alleged to have been caused by reason of a defect in the

sidewalk on the West side of North Capitol Avenue at a point approximately ninety-six feet north of the intersection of North Capitol and 40th Street in the city of Indianapolis, Indiana. There was a trial by a jury which returned a verdict in favor of the appellee in the sum of $2,000.00. The only error assigned in this court is the alleged error in overruling appellant's motion for new trial. The only question presented by the motion for new trial is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The appellant contends that the appellee testified that her injury occurred "over on 40th Street" and that since the burden is upon the injured party to prove that the injury occurred at the place specified in her notice to the city, failure on her part so to do percludes her from recovery.

While it is true that the appellant in her own testimony did not specifically testify as to the exact location of the defect in the sidewalk which she alleges to have caused her injury, yet there is other testimony in the record and evidence which is sufficient in our opinion to sustain the verdict of the jury. The place where the accident happened must be described in the notice which the injured party is required to give to the city. The evidence must establish by preponderance that the injury occurred at the place described in the notice. *Atkinson* v. *City of Indianapolis* (1936), 101 Ind. App. 620, 199 N. E. 157. It does not follow however that the testimony of the injured party is conclusive in the establishment of this fact.

After reviewing the evidence in this case, we cannot say that there was no evidence from which the jury could reasonably find that the injury occurred at the place described in the notice.

There was accordingly no error in overruling the motion for new trial.

Judgment affirmed.