[L. A. No. 17952. In Bank. Dec. 18, 1941.]

MARY E. HALL, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Roy V. Rhodes, Judge. Affirmed.

Porter C. Blackburn for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Norman Brand, Louis A. Babior and Victor P. Spero, Deputies City Attorney, for Respondent.

THE COURT.—A petition for hearing in this case was granted to the end that further consideration be given to the contentions of the appellant. On such consideration we agree with the disposition of the appeal by the District Court of Appeal of the Second Appellate District and adopt as the opinion of this court the opinion of that court prepared by Justice [W. J.] Wood with the modifications that hereinafter appear:

"Plaintiff has appealed from a judgment of dismissal entered in her action to recover damages for personal injuries alleged to have resulted from the defective condition of a sidewalk under the control of the defendant city.

"Plaintiff suffered her injuries on September 14, 1938, when she slipped on some mud or other slippery substance which was covered with leaves or debris. She seeks to recover damages under the provisions of the Public Liability Act of 1923. (Stats. 1923, p. 675; Deering's Gen. Laws, Act 5619.) The complaint contains the allegations usual in such actions and in particular it is alleged that the accident occurred on the sidewalk at the corner of Union Drive and Sixth Street in the City of Los Angeles and that plaintiff had regularly filed her claim for damages with the defendant city. In its answer defendant denies all of the material allegations of the complaint. Upon the issue as to the regularity of the claim filed with defendant plaintiff proved that on November 9, 1938, the following verified claim for damages was filed with defendant: 'To Mrs. Mary E. Hall, Address c/o Porter C. Blackburn, 1314 Washington Bldg., Los Angeles. Sept. 14, 1938. Personal injuries received from slipping on sidewalk which was covered with mud, leaves and debris, resulting in injury and fracture to spinal column: Damages: Medical expenses $500; permanent injury $5000; loss of earnings $2500–$8000.00.'

"Defendant objected to the introduction of any further evidence on behalf of plaintiff on the ground that the foregoing claim failed to state the place where the accident happened and therefore did not comply with the provisions of the 1931 statute (Stats. 1931, p. 2475; Deering's Gen. Laws, Act 5149) relating to claims for personal injuries against municipalities. Prior to a ruling by the court on such objection plaintiff offered in evidence the following letter which she had received from the city clerk of defendant city about two weeks before the present action was commenced: 'Greetings: At the meeting of the Council held this day, the following report of the Finance Committee, was adopted: "In the matter of the claim of Mary E. Hall, in the amount of $8,000.00, for damages because of personal injuries alleged to have been received when she slipped on a muddy sidewalk at the corner of Union Drive and Sixth Street, on September 14, 1938: The City Attorney reports that after making a complete investigation

of this matter, he is of the opinion that there is no municipal liability involved, and recommends that the claim be denied. We recommend, in view of the City Attorney's report, that said claim be denied and the matter filed." ' The Court sustained defendant's objection and thereafter entered the judgment of dismissal from which the appeal is taken.

"We are called upon to decide whether or not the claim filed by plaintiff sufficiently complies with the provisions of Deering's General Laws, Act 5149, to enable her to maintain this action. Section 1 of this act provides: 'Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received.' Defendant contends that the failure of plaintiff to specify the place of the accident in the claim is fatal to her right to maintain the present action.

"Compliance with the statute referred to is mandatory and there must be at least a substantial compliance with its provisions before a suit for damages for personal injuries resulting from a defective sidewalk or street may be maintained against the City. (*Cooper* v. *County of Butte,* 17 Cal. App. (2d) 43 [61 Pac. (2d) 516]; *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.,* 28 Cal. App. (2d) 215 [82 Pac. (2d) 216].)

"It is contended by plaintiff that the notice in question substantially complied with the requirements of the act and that since the city officials actually investigated and discovered the place where the accident occurred, the city was not misled by her failure to designate the place of the accident in the claim. In support of this proposition plaintiff relies principally upon *Sandstoe* v. *Atchison, T. & S. F. Ry. Co., supra,* and *Kelso* v. *Board of Education,* 42 Cal. App. (2d) 415 [109 Pac. (2d) 29]. In the Sandstoe case this court held that a claim (apparently complete and regular on its face) which was filed in duplicate with the city con-

troller and the city clerk at the same time substantially complied with the requirement of the city charter that the claim must be filed with the legislative body within 30 days after rejection by the city controller. The claim under consideration in the Kelso case met the statutory requirements in all respects except that it was verified by plaintiff's father instead of by the minor plaintiff and it was held that a substantial compliance with the requirements of the statute had been made.''

In each of these cases there was compliance with all of the requirements enumerated by the statute, but the manner of complying with one of them was defective. The courts held that a defect in the form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement. In the present case, however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance. A contrary holding would permit a claimant to bring suit against a city on the basis of a claim that included none of the information required by the statute if he offered to show that the city acquired the information independently of the claim. Such a holding would emasculate the statute.

The present case is governed not by the doctrine of substantial compliance but ''by the principles enunciated in *Cooper* v. *County of Butte, supra,* and *Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 Pac. (2d) 320]. In each of these cases it was held that the filing of an unverified claim is not a substantial compliance with the requirements of the statute. The failure to state the place of the accident is as serious a defect as is the failure to verify the claim. Indeed no part of the claim can be of more importance to the city officials than that part which gives them information to enable them to locate the point where the alleged accident occurred and to make proper investigation of the condition of the premises. In a number of jurisdictions it has been held that a claim is fatally defective if it fails to designate the place of the accident in such manner as to enable the officials to locate it. (*Atkinson* v. *City of Indianapolis,* 101 Ind. App. 620 [192 N. E. 157]; *Cronin* v. *City of Boston,* 135 Mass. 110; *Village of Dawson* v. *Estrop,* 243 Ill. App. 552; *Benson* v. *City of Madison,* 101 Wis. 312 [77 N. W. 161]; *Reichert*

v. *City of Chicago,* 169 Ill. App. 493, and *Purdy* v. *City of New York,* 193 N. Y. 521 [86 N. E. 561].) We must therefore hold that the entire failure to designate in the claim the place where the accident occurred constituted such a failure to comply with the statutory requirements as to preclude plaintiff from maintaining the present action.

■ ''Plaintiff's contention that defendant by investigating and rejecting the claim waived any defects therein cannot be sustained. In the Spencer case, *supra,* an unverified claim was filed with the city and after investigation the city made an offer of compromise which plaintiff rejected. At no time did the city object to the defective form of plaintiff's claim. In holding that the city was not estopped to assert the defense of failure to comply with the statutory requirements relative to the claim the court observed that the city was powerless to waive compliance with the statutory provisions. The holding of the Spencer case was expressly approved by the Supreme Court in *Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123 [53 Pac. (2d) 353], and was declared to be the law in all cases coming within its purview. Since the city is powerless to waive a compliance with the statute, actual knowledge on the part of the city officials of the facts required to be stated in the claim does not dispense with the filing of a proper claim. (*Kline* v. *San Francisco Unified School District,* 40 Cal. App. (2d) 174 [104 Pac. (2d) 661].)

■ ''Plaintiff's final contention is that defendant is estopped to raise the defense of the insufficiency of the claim because of its failure to specially plead such defense in the answer. This proposition must be rejected for the question as to the sufficiency of plaintiff's claim was placed in issue by defendant's general denial of plaintiff's allegation that she had filed her claim with the city. ■ Since the statutory requirements are mandatory and compliance therewith is a prerequisite to the maintenance of a suit for the damages claimed (*Cooper* v. *County of Butte, supra,* and *Sandstoe* v. *Atchison, T. & S. F. Ry. Co., supra*), the burden of proof of such compliance was on plaintiff. Since plaintiff failed to sustain this burden the court properly entered the judgment of dismissal.''

The judgment is affirmed.

CARTER, J., Dissenting.—I dissent.

The majority opinion is contrary to every concept of fairness and good faith. If a similar situation were presented in which an individual or private entity rather than a municipal corporation were involved it would be unhesitatingly held that there had been a substantial compliance, or that the defendant was estopped to assert the insufficiency of the claim, or that there was a waiver of the alleged defect therein. Surely a government agency should be at least as much bound, if not more, than an individual by the requirements of equity, justice and fair dealing. Indeed, such agency should be held to a higher standard of fairness as a matter of example for others. When this case was before the District Court of Appeal, Second Appellate District, Division Two, Mr. Justice McComb of that court wrote a very able dissenting opinion which I am adopting as a part of my dissenting opinion in this case. He said:

"There are two rules supported by respectable authority which in my view are controlling in the present case.

"First: Substantial compliance with the requirements of section 1 of Act 5149, Deering's General Laws, 1931, is sufficient to permit an injured person to maintain an action against a municipality. (*Kelso* v. *Board of Education*, 42 Cal. App. (2d) 415, 422 [109 Pac. (2d) 29]; *Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal. App. (2d) 215, 220 [82 Pac. (2d) 216].)

"Second: When a claim has been filed with a municipality, full investigation made thereof and the claim rejected for some reason not connected with the form of notice or its contents, the notice has performed its function and defects therein can no longer be relied upon to prevent a recovery. (*Bowles* v. *City of Richmond*, 147 Va. 720 [129 S. E. 489, 133 S. E. 593, 595]; *Bowman* v. *Ogden City*, 33 Utah 196 [93 Pac. 561, 564]; *Nevala* v. *City of Ironwood*, 232 Mich. 316 [205 N. W. 93, 94, 50 A. L. R. 1189]; *Greenberg* v. *City of Waterbury,* 117 Conn. 67 [167 Atl. 83, 84]; *Lindley* v. *City of Detroit*, 138 Mich. 8 [90 N. W. 665]; *Hunter* v. *Village of Durand*, 137 Mich. 53 [100 N. W. 191, 192].)

"Applying the foregoing rules to the facts of the present case, we find, as stated by this court in *Sandstoe* v. *Atchison, T. & S. F. Ry. Co., supra,* at page 223, that 'the purpose of filing a claim against the city is to enable city officials to make

proper investigation concerning the merits of the claim and to settle it without the expense of a lawsuit if settlement should be shown to be proper.' That such is the purpose underlying the requirement is clear. (*Uttley* v. *City of Santa Ana,* 136 Cal. App. 23 [28 Pac. (2d) 377]; *Wagner* v. *City of Seattle,* 84 Wash. 275 [146 Pac. 621, Ann. Cas. 1916E, 720].)

"From the statements contained in the letter in the present case from respondent's clerk notifying plaintiff of denial of her claim, it is apparent that respondent was not misled by failure of the claim to specify the place where the accident took place. The letter describes the precise place where the accident occurred and refers to a 'complete investigation' of the matter by the city attorney. The purpose of the statute in requiring the filing of a claim was therefore in fact accomplished, although the claim itself was defective. There is no evidence of any intention on the part of plaintiff to mislead defendant by filing a defective claim. So far as the record discloses, plaintiff filed such a claim in a *bona fide* attempt to comply with the statutory requirements. Under such circumstances where, as here, there is no evidence that such claim did in fact mislead the municipality, it will be deemed sufficient to enable plaintiff to maintain an action against the city following the rejection of such claim. (*Kelso* v. *Board of Education, supra; Sandstoe* v. *Atchison, T. & S. F. Ry. Co., supra.*)

"The principle underlying the rule is well stated in *Decker* v. *City of Seattle,* 80 Wash. 137 [141 Pac. 338, at page 339], where it is said (quoting from *Hammock* v. *Tacoma,* 40 Wash. 539 [82 Pac. 893]):

" ' . . . where there has been a *bona fide* effort to comply with the statute, and there has been *no intention to mislead,* it is a sound and just rule which opens the door of the court to an inquiry whether the notice *did in fact mislead.* If it did not in fact mislead, but if its deficiencies or mistakes were helped out by other information given to the proper officers, or by other knowledge on their [the city's] part, no matter how acquired, then it would turn the statute into a mere trap for the ignorant and unskillful, to deprive them of a right of action because of failing to do something which caused the municipality no injury and put it to no disadvantage.'

"In addition, the case clearly falls within provisions of the second rule above stated, to wit, that, where the municipality has, as in the present case, received a defective claim, made full investigation of the accident, and then rejected it for reasons other than a defect in the form of notice or its contents, the city is estopped from relying upon a defect in the notice of claim to prevent recovery in an action subsequently brought. (See numerous cases above cited.)

"For the foregoing reasons in my opinion the judgment of the trial court should be reversed."

In addition to the cases cited in Mr. Justice McComb's dissenting opinion, see: *Barton* v. *City of Seattle,* 114 Wash. 331 [194 Pac. 961]; *Cawthon* v. *City of Houston,* (Tex. Com. App.) 231 S. W. 701; *Draper* v. *Village of Springwells,* 235 Mich. 168 [209 N. W. 150]; *Naze* v. *Town of Hudson,* 250 Mass. 368 [145 N. E. 468].

It has been repeatedly declared by the courts of this state that the purpose, aim and object of the claim statute here involved is twofold, namely, to enable the city to investigate the accident and conditions causing it, and to compromise or pay the claim if it deems it expedient, thus avoiding the expense of litigation. No other purposes have ever been mentioned. In the instant case the purposes of the statute have been wholly satisfied and fulfilled. There can be and is no dispute on that subject. The city made a complete and thorough investigation of the accident and gave consideration to the claim and rejected it. There is not a vestige of any detriment or disadvantage having been suffered by the city. There is not a single act or thing the city could or would have done had the claim been more complete. On the other hand, the plaintiff under the majority opinion suffers great and irreparable damage. She is absolutely foreclosed from having a determination of her case on the merits. What purpose or reason can be given to sustain the conclusion reached in the majority opinion? I submit that there is nothing but the most specious argument based upon a fine-spun technicality. It has always been my opinion that all the law whether enacted by the Legislature, or as interpreted by the courts, is based upon reasonableness and justice. Indeed, that principle has been declared by the courts in a legion of cases. One of the ramifications of that principle is that form and technicality shall not render the courts

impotent to rectify wrongs even when it is necessary to look through a maze of technicalities to protect substantive rights.

As I have stated, there is a substantial compliance with the statute in this case and the city is estopped from asserting that the claim is defective. This is not conferring a power upon the city which it does not possess, or making lawful *ultra vires* acts. The city has the power and the duty to pay just claims for injuries due to dangerous or defective condition of its property. It has the power and duty to pass upon such claims. It inescapably follows that it has the power, inherent and implicit in those general powers, to pass directly or indirectly, upon the sufficiency of those claims. True, the statute states that the filing of a claim is a condition precedent to the city's liability, but even if it be said that when no claim has been filed the city has no power to admit liability and pay damages for the injury suffered, yet there is a vast difference between no claim and a defective claim. If a claim has been filed, that condition prerequisite to liability has been satisfied, the dormant power of the city to act has been activated and brought into existence. Henceforward, it has power to determine the sufficiency of that claim. That determination may be evidenced by express action by the city on that specific subject, or by conduct of the city or its officials which constitutes an implied finding or determination that the claim is in proper form. Such implied determination may arise from the application of the doctrines of either waiver or estoppel. An analogous situation might be imagined in the instance of a court which has general jurisdiction or power to adjudicate tort actions. If no complaint is filed, it has no power on its own initiative to grant or refuse recovery to the injured person. But once a complaint has been filed its general power enables it to pass upon the sufficiency of that claim for relief. Merely because the claim was defective in that it lacked some indispensable element would not mean that the court was ousted from jurisdiction, or deprived of its power to pass upon the sufficiency of the claim.

In the case at bar it is conceded that plaintiff filed a claim with the proper official of the city of Los Angeles within sixty days after she received the injury complained of. This claim was fully investigated by the city and rejected upon

the advice of the city attorney. The notice of rejection of said claim is as follows:

"Greetings: At the meeting of the Council held this day, the following report of the Finance Committee, was adopted: 'In the matter of the claim of Mary E. Hall, in the amount of $8,000.00, for damages because of personal injuries alleged to have been received when she slipped on a muddy sidewalk *at the corner of Union Drive and Sixth Street,* on September 14, 1938: The City Attorney reports that after making a complete investigation of this matter, he is of the opinion that there is no municipal liability involved, and recommends that the claim be denied. We recommend, in view of the City Attorney's report, that said claim be denied and the matter filed'."

It will be observed from the foregoing notice of rejection that the place where the accident occurred was known to the city officials and that the claim was rejected upon the advice of the city attorney "that there is no municipal liability involved." The form or substance of the claim was not questioned by the city officials until after this action was commenced.

To hold, under the circumstances of this case, that plaintiff is denied recovery because she failed to file a sufficient claim is, in my opinion, substituting form for substance and technicality for common sense. Such result was obviously never intended by the framers of the statutory provision here involved.

In my opinion the judgment should be reversed.

Houser, J., concurred in the foregoing conclusion.